Argued July 28, affirmed September 10, reconsideration denied October 15, petition for review denied November 12, 1975

CHAMBERS, *Respondent, v.* SCHOOL DISTRICT No. 40, WASCO COUNTY (No. 13549), *Appellant.*

540 P2d 1026

*Charles A. Phipps,* The Dalles, argued the cause for appellant. With him on the briefs were Phipps, Dunn & Mobley, The Dalles.

*David R: Dierdorff,* Bend, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

FORT, J.

Plaintiff Glenn Chambers brought an action against defendant school district alleging a breach of his contract to teach in the Tygh Valley elementary school during the 1973-74 school year. After a jury trial a verdict was returned for plaintiff in the sum of $5,517.84, which was the amount prayed for in the complaint less the stipulated amount of $2,657.16 in mitigation. In this appeal brought by the district, the issue is whether the teaching contract was ambiguous, so as to allow the trial court to admit evidence as to its intended meaning and subsequently submit the issue of interpretation to the jury.

The district prepared, and the parties on May 9, 1973, executed, the contract on the following page.

By letter of July 24, 1973, Cecelia Cushing, chief administrative officer for the district and the person with whom plaintiff conducted all of his contract-related dealings, informed plaintiff that although some

Title I funds would be forthcoming to the district, they would be insufficient to pay his entire salary.

## Teacher's Contract

District No. ....40........

It is hereby agreed between the board of School District No. ....40........ of ....Wasco........ County, State of Oregon, as shown by the records of a legal school board meeting held ....March 13........ 19.73., and

........Glenn Chambers........, who holds a valid certificate to teach in the ....Grade schools........ (Grades of Type School)

of Oregon, described as follows: A ....Basic Elementary........ Certificate dated ....5/30/71.... to ....12/12/71.... (One-year, Five-year, Life, Special, Restricted, Emergency, etc.) (Date of Certificate)

that the said teacher is to teach in the ....elementary grades.... of the above district for a period of ....9½.... school months, (Elementary Grade, Junior High School, High School) (State definite number of months)

for the sum of ........$8175.00........ Dollars, commencing on the ....27th.... day (Total salary) ....Salary contingent on allocation of Title I ESEA funds to District No........

of ........August........ 19.73., and for such teaching services, exclusive of janitor service, lawfully and properly rendered the directors of said district are to pay the said teacher the amount that may be due according to this contract on the last day of each school month, upon proof that the said teacher has made the proper reports required by law. It is further agreed and made a part of this contract that the teacher subscribes to the following; "I solemnly swear, or affirm, that I will support the constitution of the state of Oregon * *" and the laws enacted thereunder, and that I will teach, by precept and example, respect for the flags of the United States and the State of Oregon; * * * reverence for law and order and undivided allegiance to the government of our country, the United States of America."

Dated this ....9th.... day of ....May........ 19.73..

If this contract is not signed by the teacher and returned to the clerk within ....5.... days, the board reserves the right to declare said contract void and of no effect.

X ....Edwin Ramsdell........ CHAIRMAN

....Spencer S. Chatburn........ TEACHER ....Marilyn A. Stevens........ CLERK

....RFl — Box Xh Lyghan Ml hd........ ADDRESS ....Maupin........ County, this ....29th....

Registered in the office of the Intermediate Education District of ........ ....C. R. Kustrygrael........ SUPERINTENDENT

day of ........May........ 19.73..

Form G1                                                                 SP4170-581

She further indicated that the funds received would instead be used to partially cover the salary of a certified aide. This action ensued.

At the opening of the trial the judge ruled that there was an ambiguity on the face of the teaching contract, and that the interpretation thereof was a question of fact for the jury. The portion referred to as ambiguous consisted of the typed-in words, "Salary contingent on allocation of Title I ESEA funds to District #40." Plaintiff contended that the phrase meant that he would be entitled to employment for the upcoming school year at the agreed contract salary if any Title I funds were allocated to the district. The position of the district at trial was that the wording meant he would not be employed unless the entire $8,175 was received from the Title I program.

In this court the district in its second assignment of error also contends that at most the plaintiff should, as a matter of law, be paid the sum of $3,904, the amount actually received by it from Title I funds less the stipulated amount earned by plaintiff as mitigation from other sources during the contract period.

■ The construction of an unambiguous contract is a question of law for the court; however, in the case of an ambiguous contract, evidence tending to show the intention of the parties is admissible and the intended meaning of the ambiguous terms becomes a question for the trier of fact. *Hekker v. Sabre Construction Co.*, 265 Or 552, 510 P2d 347 (1973); *Rolfe v. N. W. Cattle & Resources, Inc.*, 260 Or 590, 491 P2d 195 (1971); *Libby Creek Logging, Inc. v. Johnson*, 225 Or 336, 358 P2d 491 (1960).

In *Hekker v. Sabre Construction Co.*, supra, the court said:

"As a general rule the construction of a con-

tract is a question of law for the court. However, if the contract is ambiguous evidence may be admitted tending to prove the meaning intended by the parties and *under those circumstances the meaning of the contract will be decided by the trier of fact.* [Citations omitted.]" (Emphasis supplied.) 265 Or at 555.

In *Holcomb v. Mooney,* 13 Or 503, 11 P 274 (1886), the court said:

"* * * 'Ambiguity,' said Gibson, C. J., 'is the effect of words that have either no definite sense or else a double one.' (*Ellmaker v. Ellmaker,* 4 Watts, 90.) A latent ambiguity occurs when the deed or instrument is sufficiently certain and free from ambiguity; but the ambiguity is produced by something intrinsic, or some collateral matter out of the instrument. It is that, said Lord Bacon, 'which seemeth certain and without ambiguity for anything that appeareth upon the deed or instrument, but there is some collateral matter out of the deed that breedeth ambiguity.' * * *'" 13 Or at 507.

In *Waterman Steamship Corporation v. Snow,* 222 F Supp 892 (D Or 1963), *aff'd sub nom General Accident Fire and Life Assurance Corporation Limited v. Snow, et al,* 331 F2d 852, 64 AMC 2173 (9th Cir 1964), the court said:

"The word 'ambiguous' is defined as meaning 'capable of being understood in either two or more possible senses; equivocal; * * *' Webster's New International Dictionary of the English Language, Second Edition; *Whiting Stoker Co. v. Chicago Stoker Corp.,* 171 F.2d 248, 250 (7 Cir. 1948). * * *'" 222 F Supp at 898.

■ We agree with the trial court that the contract here was ambiguous. Indeed by its second assignment of error, the district in effect concedes there is a substantial uncertainty concerning the application of

the contract language to the facts of this case, since that position is inconsistent with its first position, namely, that the receipt by it from Title I funds of less than all of the amount of $8,175 payable under the contract to plaintiff rendered the contract unenforceable. *See also: Kinnaman v. Bailey,* 241 Or 634, 406 P2d 145 (1965).

Here, the phrase "Salary contingent on allocation of Title I ESEA funds to District #40," as plaintiff contends, also leaves in doubt whether an allocation of some funds, although lesser in amount than the total contract salary, was intended as being sufficient to obligate the district to employ plaintiff for the school year at the agreed salary. An ambiguity thus existed, and there was no error in submitting the question of interpretation of the contract to the jury. *Rolfe v. N. W. Cattle & Resources, Inc.,* supra, 260 Or at 601-02.

■ In its third and final assignment, defendant argues that plaintiff's testimony concerning his contract for the 1972-73 school year, and his testimony as to his interpretation of the contract in question, were received in violation of the parol evidence rule.

Oregon State Bar, Evidence, Parol Evidence § 4.19 (1973), states:

"If doubt arises from the *language* of the contract as to the parties' intention, parol evidence is admissible to aid the court in comprehending its meaning and applying its terms. [Citations omitted.] Evidence of the circumstances surrounding the execution of a writing is admissible whenever the writing must be 'interpreted,' and some degree of interpretation in light of the circumstances is almost always called for. * * *" (Emphasis in original.)

Thus, the parol evidence rule has no application

in this situation. Furthermore, by its very terms as codified in our statutes, the rule "does not exclude other evidence of the circumstances under which the agreement was made, or to which it relates, as defined in ORS 42.220, *or to explain an ambiguity, intrinsic or extrinsic,* or to establish illegality or fraud." (ORS 41.740; emphasis supplied.) *See also: Doherty v. Harris Pine Mills,* 211 Or 378, 402-03, 315 P2d 566 (1957).

■ The sole exception taken to the court's instructions relates to a matter not assigned as error or raised on appeal. In its second assignment of error the district appears to contend that the jury should have been instructed in any event to limit any recovery as above stated. No such instruction was requested, so far as this record shows, let alone exception to the failure to give it. We decline to consider it.

Affirmed.