Argued and submitted July 21, reversed
and remanded September 15, 1982

ROSS BROS. CONSTRUCTION CO., INC.,
*Respondent,*

*v.*

STATE OF OREGON, acting by and through
its TRANSPORTATION COMMISSION,
HIGHWAY DIVISION,
*Appellant.*

(No. 119 933, CA A22650)

650 P2d 1080

Christine L. Dickey, Assistant Attorney General, Salem, argued the cause for appellant. With her on the briefs were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Elizabeth Yeats, Portland, argued the cause for respondent. On the brief were Daniel J. Seifer, and Kobin & Meyer, P.C., Portland.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

YOUNG, J.

Warden, J., concurring in part and dissenting in part.

## YOUNG, J.

■ Plaintiff seeks to recover damages from the Oregon Transportation Commission, Highway Division (Highway), for breach of a contract for construction of a new bridge and removal of an existing bridge. The parties filed cross-motions for summary judgment. The trial court found an ambiguity in the contract and granted plaintiff a partial summary judgment. Highway appeals. We reverse.[1]

The Skipanon Bridge, which spans the Skipanon river in Clatsop County, was built with a removable section to permit river traffic to pass. At the time the parties entered into the contract, the section was moved by means of a barge owned by the state.[2] The barge was moored at the bridge, secured by ropes to the bridge piling, so that it would be readily available to remove the section.

During December, 1977, Highway contracted with plaintiff for construction of a new bridge across the river and the removal of the existing bridge with the removable section. "Materials," as defined in the contract, removed from the existing bridge were to become the property of the contractor. Plaintiff contends that the barge was part of the existing bridge and that it therefore became its property upon removal. The state denies that the barge was a part of the bridge and has retained possession. The trial court, on the basis of the evidence submitted in support of the motion for summary judgment, found that the contract was ambiguous and interpreted the ambiguity in favor of plaintiff. We do not agree.

■ Construction of a contract is a question of law. *Timberline Equipment v. St. Paul Fire and Mar. Ins.*, 281 Or 639, 643, 576 P2d 1244 (1978). The determination whether a contract term is patently ambiguous or, in light of the surrounding circumstances, latently ambiguous is also a question for the court. *Timberline Equipment v. St. Paul Fire and Mar. Ins., supra; Bartlam v. Tikka*, 50 Or App 217, 622 P2d 1133, *rev den* 290 Or 853 (1981). If a term

---

[1] Plaintiff was subsequently awarded judgment for $35,000, an amount stipulated by the parties.

[2] Before the barge was purchased, the state had rented barges from third parties.

is found to be ambiguous, it is the jury's function to resolve its meaning. The threshold determination of the existence of the ambiguity, however, remains a legal question. *Timberline Equipment v. St. Paul Fire and Mar. Ins., supra; Bartlam v. Tikka, supra.* A term is ambiguous if it has no definite significance or if it is capable of more than one sensible and reasonable interpretation. A term is unambiguous if its meaning is so clear as to preclude doubt by a reasonable person. *May v. Chicago Ins. Co.,* 260 Or 285, 490 P2d 150 (1971); *Bartlam v. Tikka, supra.*

The contract between the parties consisted, in relevant part, of (1) special provisions relating to the removal of bridges; (2) standard specifications; and (3) plans for removal. The contract also referred to the plans of the existing bridge. The special provisions under the caption *"Removal of Bridges"* provides, in pertinent part:

"1. * * * [T]he contractor shall remove the *existing bridge* over the Skipanon River. * * *

"2. Removal of work and disposal work shall be in conformance with Section 202 as supplemented or modified herein. * * *

"3. All parts of the existing bridge shall be removed to a minimum elevation of -11.6.

"4. Plans of the existing structure are available for viewing at the office of the Bridge Engineer in Salem.

"5. The contractor shall salvage the existing timber and steel stringers and steel caps * * *." (Emphasis supplied.)

The standard specifications define a "bridge" as:

"A structure, including supports, erected over a depression or an obstruction, as water, highway, or railway, and having a track or passage way for carrying traffic or other moving loads."

The work to be done is defined as:

"This work shall consist of the removal and disposal, wholly or in part, of buildings, bridges * * * and other matter of man-made or artificial character as contrasted with things or matter of natural or native origin, together with the cleaning up of various areas worked on.

"The objects, things and matters covered under this specification shall be collectively referred to herein as 'material(s).' * * *

"This removal work does not include the removal or disposal of things and matter which are designated to remain."

The specifications further provide:

"All materials shall become the property of the contractor at the place of origin and shall be disposed of by him in conformance to all laws, regulations and rules legally imposed on such activity."

ORS 42.250 creates a presumption that words have been used in their primary and accepted sense. No evidence has been presented that the parties used or understood the language in a technical, local or otherwise peculiar sense. The contract makes no mention of the barge, nor is the barge described in the plans of the existing bridge. The barge could not reasonably be included in the contract definition of "bridge," for it is not a "structure" erected over water and "having a passage way for carrying traffic or other moving loads." Neither is it a "support" of the structure "erected over a depression or an obstruction." The barge may be necessary to float the center span out on occasion, but it does not serve as a foundation for the existing structure. The plans and specifications clearly define the structure to be removed and are not susceptible of more than one meaning. We conclude the term "bridge" is not patently ambiguous.

The concurrence suggests that the provision defining the work to be done as consisting of the "removal and disposal * * * of * * * bridges * * * and other matter of manmade or artificial character as contrasted with things or matter of natural or native origin" could reasonably include the barge. However, that overlooks the fact that the parameters of the "removal and disposal" are delineated by the subject of the contract itself; i.e., the removal of "the existing bridge over the Skipanon River." ORS 42.230 requires that a contract be construed in its entirety. The concurrence would ignore this and argue that any matter of man-made or artificial character at the job site, not designated to remain, could be subject to removal and disposal. Surely a toll booth, tug, or crane located at the bridge would also be encompassed by this construction of the provision. Such an interpretation creates an ambiguity where none exists. The contract, in its entirety, is not patently ambiguous on the subject of the barge.

■      Plaintiff also argues that the surrounding circumstances demonstrate that the contract suffers from a latent ambiguity. Plaintiff points to the fact that the barge was moored at the bridge site and that it was so situated when the bridge and job site were examined before plaintiff bid. It is asserted that the proximity of the barge created an ambiguity as to whether the barge was part of the bridge, subject to removal and salvage as "materials." Whatever plaintiff's subjective intent and understanding may have been, we hold that the location of the barge at the bridge site could not, as a matter of law, create uncertainty in the mind of a reasonable person as to the meaning of the contract terms. To find that a plaintiff's undisclosed conclusion is sufficient in itself to create a jury question on ambiguity would undermine a basic premise of contract law; i.e. the reliance on objective manifestations of intent. *See Kabil Developments Corp. v. Mignot,* 279 Or 151, 566 P2d 505 (1977); *Kitzke v. Turnidge,* 209 Or 563, 307 P2d 522 (1957).

Reversed and remanded.

**WARDEN, J.,** concurring in part and dissenting in part.

I agree with the majority that the decision of the trial court granting plaintiff's motion for summary judgment must be reversed and the case remanded. However, I disagree with the majority in its conclusion that there is no ambiguity in the contract, either patent or latent. The effect of the majority opinion is to direct the trial court to grant defendant's motion for summary judgment. Because I find the contract to be ambiguous, and the case, therefore, presents a jury question, I respectfully concur.

The pertinent portions of the contract are set out in the majority opinion. The majority says that there is no patent ambiguity as to whether the bridge removal includes the barge, because "[t]he barge could not reasonably be included in the contract definition of 'bridge.'" The contract defines "bridge" as:

"A structure, *including supports* erected over a depression or an obstruction * * * and having a track or passage way for carrying traffic or other moving loads."

Regarding the words "including supports" in the definition of "bridge," the majority substitutes a conclusion for analysis in saying it is also not a "support." Websters Third International Dictionary defines the noun "support," as used in this context, as "one that supports: a supporting means, agency, medium * * *." It defines the verb "support" as "to hold up or in position: serve as a foundation or prop for: bear the weight or stress of: keep from sinking or falling * * *." It is arguable that the barge is a supporting means that holds up the removable section of the bridge, bears its weight or, perhaps, keeps it from sinking. The possibility of construing the barge as a support renders the contract ambiguous.

Further, the majority overlooks the fact that the contract for removal includes not only "removal and disposal" of the bridge but of "other matter of man-made or artificial character." The contract further provides that "objects, things and matters covered under this specification shall be collectively referred to herein as 'material(s)' " and that "[a]ll materials shall become the property of the contractor * * *." Again, the contract could be interpreted to mean that the barge is "other matter of man-made or artificial character" and as such constitutes "materials" to "become the property of the contractor." The contract excludes from the removal work "the removal or disposal of things and matter which are designated to remain." As the majority points out, the contract makes no mention of the barge; the barge was not excluded from the removal work as a thing or matter "designated to remain." Because the barge was not excluded from materials to be removed and may be argued to be matter of man-made or artificial character and thus material that would become property of the contractor, the contract is ambiguous on the subject of the barge.

As I read it, the contract is patently ambiguous. The ambiguity presents a jury question precluding decision by summary judgment. The majority is in error in finding no ambiguity. I concur with the majority that the case must be reversed and remanded to the trial court, but I do not agree with the conclusion that the terms of the bridge removal contract are not ambiguous as a matter of law.