Argued and submitted February 11, reversed April 13, 1983

# HARTZ et al,
*Respondents,*

*v.*

# AYROMLOO,
*Appellant.*

(38991; CA A25204)

661 P2d 573

Michael V. Phillips, Eugene, argued the cause and filed the brief for appellant.

James Eickelberg, Corvallis, argued the cause for respondents. With him on the brief was Eickelberg & Fewel, Corvallis.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This is a suit for strict foreclosure of a land sale contract concerning commercial property. The trial court decreed strict foreclosure. Defendant buyer appeals, claiming that the trial court erred in determining that he had been given adequate notice before foreclosure proceedings were instituted. We reverse.

A complete recitation of the facts would not benefit bench or bar. It is sufficient to note here that the course of dealing between the parties had created an obligation on the part of the plaintiff-sellers to give defendant notice of default and an opportunity to cure before seeking strict foreclosure.[1] *See, e.g., Fisher v. Tiffin,* 275 Or 437, 551 P2d 1061 (1976). Plaintiff-sellers sent such a notice by certified mail on July 9, 1982. The letter allowed defendant 10 days from July 9, 1982, in which to bring all payments current. Defendant had moved, so the letter was not received by him until July 24, 1982. Defendant attempted to cure his default within the 10-day period following receipt of the letter on July 24, but he could not, because plaintiffs' escrow agent had by that time been instructed not to accept further payments.

The sole issue in the case was whether and when defendant had been given reasonable notice. The trial court found that the July 9 letter was notice. The court then ruled:

> "* * * The Court feels that the notice would be effective and would begin running within a reasonable period of time after it was mailed. The Court feels that a reasonable period of time would be no longer than six days after the letter was mailed * * *."

Defendant argues that, inasmuch as the plaintiffs chose to give notice by registered mail and, pursuant to that method, the letter was delivered on July 24, he was given notice on that day—July 24—and not sooner. *See Bartlam v. Tikka,* 50 Or App 217, 622 P2d 1133 (1981). We take defendant's argument to be that, absent some showing that his change of address—the reason for the length of time between mailing and receipt of the letter—was intended to

---

[1] There is no question that defendant was, in fact, in default.

defeat plaintiffs' ability to give notice, plaintiffs were required to give defendant 10 days from his receipt of the letter to cure his default.[2] Because they did not do so, defendant argues, strict foreclosure should not have been granted.

The only notice provision in the contract provided:

"DEFAULT: Purchaser shall not be deemed in default for failure to perform any covenant or condition of this contract, other than the failure to make payments as provided for herein, until notice of said default has been given by Seller to Purchaser and Purchaser shall have failed to remedy said default within ten (10) days after the giving of the notice. If Purchaser be in default, Seller shall, at Seller's option, without notice or other declaration of default, have any one or a combination of the following rights:

"A.   To foreclose this contract by strict foreclosure in equity;

"B.   To declare the full unpaid balance of the purchase price, both principal and interest, immediately due and payable;

"* * * * *."

As already noted, the parties' course of conduct negated the exception provided in the phrase "* * * other than the failure to make payments as provided for herein," so the provision that default could not exist "until [10 days after] notice has been given" applied to all of defendant's obligations.

*Bartlam v. Tikka, supra,* on which defendant relies, does support his position. In that case, this court distinguished between two separate notice provisions in the same contract. One of the provisions specifically provided that notice would be accomplished by personal delivery or certain manners of mailing. The other provision related to the giving of a notice on or before a specific day and simply required that the party "give * * * written notice." We said:

"* * * [D]efendants argue that the phrase 'give, * * * written notice' in Section 7 is ambiguous as to the time

---

[2] The contract does not require the parties to give notice of a change of address and, in fact, does not contain the addresses of the parties.

written notice becomes effective and is consistent with setting the date of mailing as the controlling time. Settled law, however, does not support that proposition. Absent statutory authority or agreement by the parties, deposit of a notice in the mail is not effective as notice, unless it is received. *Stroh v. SAIF,* 261 Or 117, 119, 492 P2d 472 (1972). More specifically, we have held that 'give written notice' is not synomymous with 'send' or 'mail,' but denotes *delivery* of a written communication. *Wallis v. Crook County School Dist.,* 13 Or App 174, 180, 509 P2d 44 (1973). Section 7, then, is unambiguous and required the notice to be given—that is delivered—by December 31." 50 Or App at 221.

We find no circumstances in the present case which would justify distinguishing the language of this land sale contract from the document at issue in *Bartlam.* We therefore hold that the phrase at issue here, "until notice * * * has been given," has the same meaning as that ascribed to the phrase, "give * * * written notice," in *Bartlam, i.e.,* the phrase requires actual receipt of the notice before the grace period begins to run.

Because the notice of default provision in this case required actual receipt of the letter and the defendant's failure to receive the letter was not due to any effort on his part to *avoid* delivery, notice was not given until July 24.[3] No sufficient notice as required by the parties' contract having been given, the trial court's decree of strict foreclosure was inappropriate.

Reversed.

---

[3] Our view might be different if the contract had (1) required that each party notify the other of any change of address, (2) required the mailing of notice to a specific address or, even, (3) listed the parties' addresses. This was a sale of commercial property; defendant did not live there.