# CHRYSLER CREDIT CORPORATION,
*Appellant - Cross-Respondent,*

*v.*

# MID-CENTURY INSURANCE COMPANY,
*Respondent - Cross-Appellant.*

(68-905; CA A64799)

822 P2d 744

Lee M. Hess, Portland, argued the cause for appellant - cross-respondent. With him on the briefs was Becker, Hunt & Hess, Portland.

Paul R. Xochihua, Portland, argued the cause for respondent - cross-appellant. On the brief were Lindsey H. Hughes and Hallmark, Keating & Abbott, P.C., Portland.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

### DE MUNIZ, J.

Plaintiff, the lienholder and loss payee on an insurance policy issued by defendant, appeals from a jury verdict in favor of defendant. Plaintiff contends that the trial court erred by instructing the jury that defendant's cancellation notice was effective when mailed. Defendant cross-appeals, asserting that the trial court erred by refusing to allow defendant to withdraw its estoppel defense after the jury returned a verdict on another ground, in defendant's favor. We reverse on the appeal and on the cross-appeal.

Defendant issued an automobile insurance policy to Martin. The policy listed plaintiff as the loss payee. Martin defaulted, and plaintiff's agent repossessed the car. While the repo man was out of sight, the car was stolen. Plaintiff made a claim on the insurance policy. Defendant denied the claim, asserting that Martin's policy had been canceled.

The loss payable provisions on the reverse side of the declarations page of the policy read:

"We reserve the right to cancel this policy at any time as provided by its terms. In case of cancellation or lapse we will notify the lienholder at the address shown in the Declarations. We will give the lienholder advance notice of not less than 10 days from the effective date of such cancellation or lapse as respects his interest.

"This Declarations page, when signed by us becomes part of the policy numbered on the reverse side. It supersedes and controls anything to the contrary. It is subject to all the terms of the policy."

Evidence showed that defendant mailed a cancellation notice to plaintiff, but plaintiff claims that it never received the notice.

Defendant contends that "the right to cancel this policy at any time as provided by its terms" means that the notice provisions of the policy,[1] and not the loss payable

---

[1] The policy provisions state:

"We may cancel * * * coverage by mailing notice to you at the address shown in the Declarations page or by delivering the notice:

"* * * * *

"[if] you fail to pay the premium when due."

provisions, control effectiveness of notice to the lienholder. However, the loss payable provisions expressly state that they supersede any contrary provisions in the policy. Accordingly, they circumscribe the requirements for notice to the loss payee. *See First Far West Transp. v. Carolina Casualty Ins.*, 47 Or App 339, 344, 614 P2d 1187 (1980).

■    Plaintiff relies on dictum from *Medford v. Pacific Nat'l Fire Ins. Co.*, 189 Or 617, 638, 219 P2d 142, *reh'g den* 189 Or 646, 222 P2d 407 (1950), to support its contention that the notice required by the loss payable provisions was effective only if actually received. In *Medford*, the court said:

> "Where [an insurance] policy provides that it may be canceled by the company 'on giving notice to that effect' * * * the cancellation does not become effective until the notice is received, that is, until, as required by the policy, notice has been *given* to the insured." (Emphasis in original.)

*Medford* construed the requirements for notifying the insured of cancellation; but this case requires us to construe the requirements for notifying a loss payee. The critical issue is not to whom notice is directed, but what the language in the appropriate notice provision requires. A promise to "give written notice" requires actual delivery. Merely to send or mail the notice is insufficient. *Wallis v. Crook County School Dist.*, 13 Or App 174, 180, 509 P2d 44 (1973). In *Hartz v. Ayromloo*, 62 Or App 534, 661 P2d 573 (1983), we construed the following language in a land sale contract:

> "Purchaser shall not be deemed in default * * * *until notice of said default has been given* by Seller to Purchaser and Purchaser shall have failed to remedy said default within ten (10) days after the giving of the notice." 62 Or App at 537. (Emphasis supplied.)

We held that sending the notice by registered mail did not, by itself, make the notice effective. Rather, it was not effective until actually received. 62 Or App at 538.

---

The policy defined "we" as "the Company named in the Declarations" and "you" as "the 'named insured' shown in the Declarations and spouse if a resident of the same household." The language of this provision indicates that cancellation is effective as to the named insured when mailed.

■ In this case, defendant promised to "give the lien-holder advance notice." Any obligation to "give notice" means that the notice is not effective until it is actually received. The trial court erred by instructing the jury that the cancellation notice was effective when defendant mailed it.

■ Defendant's second affirmative defense alleged that plaintiff was estopped from denying that it received the notice, because defendant had informed plaintiff over the phone that Martin's policy was canceled. After the jury returned its verdict on the first affirmative defense, defendant moved to withdraw the equitable defense from consideration. The court denied the motion and found in favor of plaintiff on the estoppel defense.

Defendant asserts that the jury verdict in its favor rendered its estoppel defense moot and that the court erred by adjudicating the equitable defense. When defendant moved to withdraw the defense, the factfinder had not decided the issue. Accordingly, defendant had an unfettered right to withdraw it from the court's consideration, and the trial court erred in deciding the issue.

Reversed on appeal and on cross-appeal and remanded.