Argued and submitted June 24, 1992, affirmed March 17, 1993

PACIFICORP,
dba Pacific Power and Light,
an Oregon corporation,
*Respondent,*

*v.*

UNION PACIFIC RAILROAD,
a Utah corporation,
*Respondent,*

RUDIE WILHELM WAREHOUSE CO.,
dba Wilhelm Trucking Company,
an Oregon corporation,
*Defendant,*

*and*

GENERAL ELECTRIC COMPANY,
a New York corporation,
*Appellant.*

(A8912-07613; CA A68832)

848 P2d 1249

Shelley Larkins, Portland, argued the cause for appellant. With her on the briefs was Davis Wright Tremaine, Portland.

Barry L. Groce, Portland, argued the cause for respondent Union Pacific Railroad. With him on the brief was Allen, Kilmer, Yazbeck, Chenoweth & Voorhees, Portland.

Lisa E. Lear, Portland, waived appearance for respondent Pacificorp.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

LEESON, J.

---

## LEESON, J.

General Electric Company (GE) appeals a judgment holding it and Union Pacific Railroad (UPR) jointly and severally liable for damages to Pacificorp's (plaintiff's) electrical transformer. We affirm.

Plaintiff shipped an 80,000 pound transformer to GE's facility in Anaheim, California, for repair. The transformer consists of a tank enclosing a coil, a core, and a switching mechanism. The switching mechanism is supported above the core by a wooden framework that insulates it from the core. The support framework is braced to the tank wall by clamps and bolts. GE repaired the transformer by removing the core and coils from the tank, rewinding the coils, and making other modifications. It then reassembled the transformer and prepared it for rail shipment to plaintiff's facility in Wallula, Washington, via UPR. As part of that preparation, GE braced the support framework.

An inspection of the transformer after it was delivered to plaintiff in Wallula revealed severe damage. Locking tabs that prevent the bolts from loosening were pushed away from the bolt heads. Twelve of the sixteen bolts bracing the support framework were loose, and one was out completely. The support framework was broken on one end and had shifted on the other. The switching mechanism was dislodged from the support framework and had fallen onto the core.

Plaintiff joined GE and UPR as defendants in its action for damages.[1] It alleged that GE was negligent in failing to prepare the transformer for the normal rigors of rail transit. GE's answer denied negligence. It raised no affirmative defenses and made no cross-claims. Plaintiff alleged that UPR was liable under a form of strict liability provided by the Carmack Amendment to the Interstate Commerce Act (Carmack Amendment), 49 USC § 11707, because it was a common carrier and the transformer was damaged during shipment. UPR raised the affirmative defense under the Carmack Amendment that plaintiff's damages were caused by plaintiff's own negligence or the negligence of plaintiff's agent, GE.

---

[1] Plaintiff also joined Wilhelm Trucking Company as a defendant. That claim was dismissed, and is not a part of this appeal.

The court submitted a verdict form that allowed the jury to apportion fault. The jury found for plaintiff and awarded damages in the amount of $137,715. It found GE 87.5% at fault and UPR 12.5% at fault. The court entered judgment against GE and UPR jointly and severally for plaintiff's damages.

■ GE first assigns error to the court's denial of its motions for directed verdict made at the close of plaintiff's evidence, and again at the close of all of the evidence. Our review requires us to determine whether there is "a complete absence of proof on an essential issue," *Adams v. Knoth*, 102 Or App 238, 242, 794 P2d 796, *rev den* 310 Or 422 (1990), drawing all reasonable inferences in favor of the non-moving party. *Schroeder v. Northrup Services, Inc.*, 86 Or App 112, 114, 739 P2d 33, *rev den* 304 Or 185 (1987).

■ ■ GE contends that its motions for directed verdict should have been granted because plaintiff failed to present expert testimony about the standard of care for preparing a transformer for rail shipment. The applicable standard of care is that which a reasonably prudent person would observe under like circumstances. Even if the subject matter is technical, expert testimony is not required to prove that standard "if the other evidence is such as to present the issue in terms * * * the jury can be expected to understand." *Hall v. State*, 290 Or 19, 27, 619 P2d 256 (1980). Expert testimony is required only where the proof involves matters that "cannot be fully understood by the average juror without some expert assistance." *Lynd v. Rockwell Manufacturing*, 276 Or 341, 349, 554 P2d 1000 (1976).

■ Plaintiff argued that GE's use of over-sized bolt holes in the support framework was negligent, because that allowed the locking tabs to come off the bolt heads, disabling the locking tabs and permitting the bolts to work loose. It contended that the loose bolts in the support framework caused the collapse and damage. Plaintiff's employee, who had 17 years experience with transformers, testified that the use of over-sized bolt holes could cause the locking tabs on the bolts to come off the bolt heads, permitting the bolts to work loose. Two GE employees testified that the internal components of a transformer should be tightly secured to avoid

damage during rail transport. The testimony of those witnesses presented the issues in terms the jury could understand, permitting it to intelligently derive and apply the appropriate standard of care. *See Lynd v. Rockwell Manufacturing, supra,* 275 Or at 349. We hold that expert testimony is not required in these circumstances, and, therefore, denial of the motions for directed verdict on the ground that plaintiff failed to present such testimony was not error.

■■ GE also argues that its motions for directed verdict should have been granted because there was no evidence that the damage to plaintiff's transformer was a foreseeable consequence of GE's conduct. Liability for harm resulting from negligent conduct depends on whether the generalized type of harm was a reasonably foreseeable result of that conduct. *Fazzolari v. Portland School Dist. No. 1J,* 303 Or 1, 17, 734 P2d 1326 (1987).

Evidence at trial showed, either directly or by reasonable inference, that the following was foreseeable: (1) despite being marked for "special handling," the transformer would undergo constant vibration, lateral rocking and the impact of the coupling of train cars; (2) GE's use of oversized bolt holes would disable the bolts' locking caps; (3) constant vibration would cause the bolts to become loose if their locking caps were disabled; and (4) without tightly secured components, lateral rocking or the impact of coupling would cause damage of the general type sustained by the transformer. There was evidence that plaintiff's damages were a foreseeable result of GE's conduct, and, therefore, the trial court did not err by denying GE's motions for directed verdict.

GE also assigns as errors the court's submission of a verdict form that permitted the jury to apportion fault, and the court's denial of GE's post-trial motion to enter judgment solely against UPR. Because both assignments depend on the viability of GE's interpretation of the Carmack Amendment,[2]

---

[2] The Carmack Amendment reads, in part:

"A common carrier providing transportation or service subject to the jurisdiction of the Interstate Commerce Commission * * * shall issue a receipt or bill of lading for property it receives for transportation under this subtitle. That carrier * * * [is] liable to the person entitled to recover under the receipt or bill of lading." 49 USC § 11707(a)(1).

we treat them together. The Carmack Amendment, first enacted in 1906, has been held to codify the common law rule that a carrier is liable for damages incurred during transport unless the carrier proves that the damage was caused by (1) an act of God, (2) a public enemy, (3) an act of the shipper, (4) public authority, or (5) the inherent vice of the goods. *E.g., Missouri P.R. Co. v. Elmore & Stahl,* 377 US 134, 84 S Ct 1142, 12 L Ed 2d 194 (1964).

■■ GE argues that the Carmack Amendment shields it from liability to plaintiff, because UPR was partly at fault for plaintiff's damages. UPR argues that we may not reach the merits of GE's contention, because the use GE seeks to make of the Carmack Amendment is an avoidance and was not pleaded. ORCP 19B requires that

> "[i]n pleading to a preceding pleading, a party shall set forth affirmatively * * * any * * * matter constituting an avoidance or affirmative defense."

Even assuming the truth of the plaintiff's allegations, an avoidance asserts non-liability on bases outside the plaintiff's pleadings. *See, e.g., Hertz Commercial Leasing v. Morrison,* 567 So 2d 832, 835 (Miss 1990); *see generally* 2A *Moore's Federal Practice* 8.27(3) (2d ed 1992). GE asserts that, even if plaintiff's allegations are true, it is not liable, because UPR's negligence was also a contributing cause of plaintiff's damages. That is an avoidance. Even though the Carmack Amendment was the basis of plaintiff's claim against UPR, GE may not use the Carmack Amendment to avoid plaintiff's negligence claim without an affirmative pleading. GE did not affirmatively plead the defense in its answer, and it did not cross-claim against UPR. We find nothing in the record to indicate that the parties were notified of GE's claimed Carmack Amendment defense in time to prevent unfair prejudice. ORCP 12B; *Hawkins v. City of La Grande,* 315 Or 57, 843 P2d 400 (1992). The trial court did not err by failing to recognize a defense that GE did not raise.

Affirmed.

---

Nothing in this opinion should be construed as interpretation of the Carmack Amendment.