Argued and submitted November 5, affirmed December 24, 1985

## SAUNDERS,
*Appellant,*

*v.*

## DEPARTMENT OF REVENUE,
*Respondent.*

(TC 2158; SC S31573)

711 P2d 961

Carl N. Byers, Judge.

John H. Rosenfeld, Portland, argued the cause for appellant. With him on the brief were Marjory A. Wall, and Tonkon, Torp, Galen, Marmaduke & Booth, Portland.

Ted E. Barbera, Assistant Attorney General, Salem, argued the cause for respondent. With him on the Brief was Dave Frohnmayer, Attorney General, Salem.

PETERSON, C. J.

## PETERSON, C. J.

Plaintiff-taxpayer (Taxpayer) appeals from a decision of the Tax Court upholding the county's taxing of farm structures called Harvestores as real property. Taxpayer seeks a determination that these structures qualify for exemption from ad valorem property taxes under the applicable tax statutes.

A Harvestore is similar to a silo, both in appearance and use. It is constructed of sheet metal panels bolted together and the structure is bolted to a poured concrete pad. It takes a crew of 5-7 men two days to erect a Harvestore. Taxpayer owns two Harvestores, which he uses in his dairy farm operation in Malheur County. The farm is leased from Taxpayer's father on a year-to-year lease. The structures involved here are 20 feet in diameter, one is 33 feet tall and the other is 77 feet tall. They are bolted to a concrete pad that is two feet thick.

## I. THE STATUTES

The resolution of this case is governed by the tax code and turns on the meaning of these statutory terms: "Real property," "tangible personal property" and "inventory."

"Real property" is defined in ORS 307.010(1):

(1) 'Land,' 'real estate' and 'real property' include the land itself, above or under water; all buildings, structures, improvements, machinery, equipment or fixtures erected upon, under, above or affixed to the same; * * *."

"Tangible personal property" is defined in ORS 307.020(3):

"(3) 'Tangible personal property' means and includes all chattels and movables, such as boats and vessels, merchandise and stock in trade, furniture and personal effects, goods, livestock, vehicles, farming implements, movable machinery, movable tools and movable equipment."

ORS 307.400 provides an exemption from ad valorem taxes for certain qualifying farm machinery and equipment. The statute provides:

"(2) All inventory shall be exempt from ad valorem taxation.

"(3) As used in subsection (2) of this section, 'inventory' means the following tangible personal property:

"(a) Farm machinery and equipment used primarily in the preparation of land, planting, raising, cultivating, irrigating, harvesting or placing in storage of farm crops; or

"(b) Farm machinery and equipment used primarily for the purpose of feeding, breeding, management and sale of, or the produce of, livestock, poultry, fur-bearing animals or bees or for dairying and the sale of dairy products; or

"(c) Farm machinery and equipment used primarily in any other agricultural or horticultural use or animal husbandry or any combination thereof; * * *."

## II. THE 'MOVABLE' REQUIREMENT

In a nutshell, Taxpayer claims that because the Harvestores can be moved and because he uses them "for dairying and the sale of dairy products" (ORS 307.400(3)(b)), he has met the "movable" requirement of ORS 307.020(3) and the "use" requirement of ORS 307.400(3). The parties agree that the Harvestores meet the use requirement. We are convinced that even though the Harvestores are "movable" in the sense that the bolts can be removed and the structure moved to another location,[1] they are not "movable" under ORS 307.020(3), nor are they "inventory" under ORS 307.400.

The inquiry as to the meaning of "movable" and "inventory" begins with a 1977 Tax Court case. In *Eastern Oregon Farming Co. v. Dept. of Rev.,* 7 OTR 74 (1977), the question was whether center pivot sprinkling systems were exempt under ORS 310.608 (the predecessor of ORS 307.400). At that time ORS 310.608 read:

"(1) There shall be exempt from taxation a percentage of the true cash value of the taxpayer's inventory * * *.

"* * * * *.

"(3) As used in subsection (1) of this section, 'inventory' means farm machinery used in the planting, cultivating, or harvesting of farm crops, all livestock and items of tangible personal property described as materials, supplies, containers, goods in process, finished goods and other personal property owned by or in possession of the taxpayer, that are or will

---

[1] The evidence is that the Harvestores can be debolted, dismantled and moved, or debolted and moved without disassembly by using a silo mover designed to move them without disassembly.

become part of the stock in trade of the taxpayer held for sale in the ordinary course of his business."

The Tax Court held that the sprinkling systems were exempt, stating:

"The distinction between real and personal property is irrelevant here. Farm machinery may be real property or it may be personal, but no one questions that the center pivots here considered are farm machinery used in the cultivation of farm crops. These come within the special definition of 'inventory' as conceived and intended by the legislature for the purposes of ORS 310.608. The context of the statute makes it clear that the legislature sought extraordinary tax relief for farm owners and specifically broadened the word 'inventory' to obtain it. The language is plain. The legislative intent must be followed." 7 OTR at 79-80. (Footnotes omitted.)

Following the decision in *Eastern Oregon Farming Co.*, the Department sought to amend ORS 310.608 in the 1977 legislature. The legislation enacted in Oregon Laws 1977, chapter 819, section 1, amended subsection (3) to read:

"As used in subsection (1) of this section, 'inventory' means the following *tangible personal property:*

"(a)   Farm machinery and equipment used in the planting, raising, cultivating or harvesting of farm crops or used for the purpose of feeding, breeding, management and sale of, or the produce of, livestock, poultry, fur-bearing animals or bees or for dairying and the sale of dairy products or any other agricultural or horticultural use or animal husbandry or any combination thereof * * *." (Emphasis added.)[2]

These amendments were explained by Theodore W. de Looze, then Chief Counsel, Tax Section, Department of Justice. Testifying before the House Committee on Agriculture and Natural Resources he said:

"Basically we're taking section 310.608 and amending it retroactively to January 1st, 1973, so that it clearly applies only to tangible personal property. And also that the definition of 'farm machinery' includes equipment — so it's 'farm machinery and equipment.' Now to do that we provide in line

---

[2] At the time the proposed amendment was being considered, the definition of "tangible personal property" in ORS 307.020(3) was identical to the present definition set forth in the text.

21 — we add the following words after 'means': 'the following tangible personal property' so it reads as 'as used in subsection (1) of this section inventory means the following tangible personal property.' Then your colon is in line 26. And then in line 27 after 'machinery' we would add the words 'and equipment.' And then in section — on page 3 Section 2 we would amend section 2 so that in line 3 it reads at the very end 'apply to assessment and tax years'. And in line 4 — 'beginning on or after January 1, 1973.' So that what we're doing is saying that this phaseout — all the way back to the first time it was put into the law — really [was] meant to apply only to tangible personal property. And also meant to include not only farm machinery but farm equipment. * * *" House Committee on Agriculture and Natural Resources, March 31, 1977, tape 26, side 1 at 52.

The proposed legislation resulted from a compromise between the department and concerned farmers. Maurice O. Georges, an attorney for the plaintiffs in *Eastern Oregon Farming Co.,* also testified before the Joint Committee on Trade and Economic Development. He stated:

"* * * At one point the Department of Revenue urged that the — that the Tax Court decision in favor of our clients be reversed by legislation. We, of course, strongly opposed that. And ultimately the particular compromise which appears in this bill was worked out. And our clients support it. Now that — what has been worked out is this. That the portion of the — *first of all a personal property requirement is now imposed."* Tape recording, Senate Committee on Trade and Economic Development, June 30, 1977, Tape 41, Side 2 at 1050. (Emphasis added.)

■ It is clear from the statute and the legislative history that the legislature intended that the exemption from ad valorem taxes now codified in ORS 307.400 apply only to a category of tangible personal property defined in ORS 307.020(3). Because only tangible personal property qualifies for the exemption under ORS 307.400, we must determine if Taxpayer's Harvestores are real or personal property under ORS chapter 307. For purposes of taxation the definitions in ORS 307.010(1) and ORS 307.020(3) control. *See Warm Sprgs. Lbr. Co. v. Tax Com.,* 217 Or 219, 226, 342 P2d 143, 146 (1959).

Taxpayer argues that because the Harvestores can be unbolted and moved, they are "movable equipment" and

therefore qualify as tangible personal property under ORS 307.020(3) The ORS 307.020(3) definition of tangible personal property makes repeated reference to "movable." It includes "all chattels and movables, * * * movable machinery, movable tools and movable equipment."

■ Whatever the result might be if only ORS 307.020(3) were involved, the legislative history of ORS 307.400(3) shows that the legislature, in creating the exemption, intended to exempt described personal property that generally is moved or movable in the ordinary course of business. In testimony before the House Committee on Agriculture and Natural Resources, Theodore W. de Looze referred to the types of machinery and equipment that would be exempt. These included tractors, combines, bailers, farm implements, and portable grain tanks and bins. Tape recording, House Committee on Agriculture and Natural Resources, March 31, 1977, Tape 26, side 1 at 59.

■ True, Taxpayer presented evidence that Harvestores can be and occasionally are moved. The examples that Taxpayer refers to, however, involve Harvestores that have been moved because of foreclosure on a conditional sales contract or where a farm was sold without the Harvestore. Though Harvestores are designed to permit removal, they are not designed to be moved in the ordinary course of business. In *Warm Sprgs. Lbr. Co. v. Tax Com., supra,* we held that, for tax purposes, buildings, a sawmill, dry kilns, warehouses and sorting sheds which had no solid footings, but rested only on concrete posts, were real property under what now is ORS 307.010(1). The corporate taxpayer in *Warm Sprgs. Lbr. Co.* sought to have the buildings classified as tangible personal property so that it could receive an offset against its corporate excise tax for personal property tax paid. The court held that "* * * the buildings and structures * * * are erected upon land [and] are, therefore, real property within the meaning of ORS 307.010(1)."

■ Here, taxpayer's Harvestores are structures or improvements "erected upon * * * or affixed to the [land]" within the meaning of ORS 307.010(1). ORS 307.010(1) does not require permanence; it only requires that the structure be erected upon or affixed to the land."

■■ Taxpayer's final argument is that the Harvestores are

personal property because he purchased them under an installment sales contract that provides "the collateral shall be used primarily for business, and shall at all times be and remain personalty, shall remain severable from the * * * premises * * *." This agreement may be binding between the parties, but does not override the terms of a statute that must be followed by the Department of Revenue in exercising its taxing authority and by us in deciding this case. *Warm Sprgs. Lbr. Co.,* 217 Or at 225, 342 P2d at 146.[3]

Taxpayer's Harvestores are not "inventory" under ORS 307.400(3), are real property within the definition of ORS 307.010, and were properly taxed as such. The judgment of the Tax Court is affirmed.

---

[3] The plaintiff also argues:

"It is also significant that plaintiff's Harvestores are situated on property leased by the plaintiff from his father. In the event plaintiff's father would not continue to lease the property to plaintiff, plaintiff would move the Harvestores."

The testimony was that Taxpayer could remove the Harvestores if his father did not renew the lease. Even though the parties treated the Harvestores as personal property, their agreement does not override the terms of the tax statutes.