This matter is before the court on the Motion for Reconsideration of Defendant Department of Revenue (the department) that is opposed by Plaintiff (taxpayer). The parties have also communicated with the court regarding a factual question considered by the court to be unresolved at the time of the court's prior Order, filed November 19, 2007 (the Order).
 I. FACT QUESTION: STATUS OF APPLIANCES
On the factual question regarding appliances, the department has conceded that the question of the status of certain appliances is properly before the court. The department has stated it will concede that the appliances were included in the appeal of the tax year to the director of the department, whose action is the subject of this proceeding. The decision in this matter therefore applies to those appliances as well as to natural gas.
 II. MOTION FOR RECONSIDERATION: MERITS
The department raises several points in its motion and supplemental filings, addressed individually below.
A. Inventory stipulation and statutory definitions
In the Order, the court noted the parties have stipulated that "[t]he stored natural gas is `tangible personal property,' `inventory' or `inventories,' `stock in trade,' `goods,' and a *Page 483 
`commodity' within the common, ordinary meaning of those terms."
In the Order, the court states that the "parties have stipulated that the gas and retail appliances in question are such property" for purposes of ORS 307.400.[1] The department notes that the Order did not contain a similar conclusion as to the use of such terms in ORS 308.510 and ORS 308.515 and asks the court to clarify that the stipulation provides gas and appliances are such property for purposes of ORS 308.510 and ORS308.515. In fact, the stipulation was that the gas in question was inventory, stock in trade, goods and commodities, within the ordinary meaning of these words. The department raised no issue regarding differential meanings for such terms, either in the statutes or generally, in its briefing prior to the Order and offers no reason for its requested clarification now. This request for reconsideration is denied.
B. ORS 307.020, ORS 307.400, and the Saunders decision
The department argues that the decision in Saunders v.Dept. of Rev., 300 Or 384, 711 P2d 961 (1985) (en banc) is relevant to this case. In Saunders, the Supreme Court stated:
 "It is clear from the statute and the legislative history that the legislature intended that the exemption from ad valorem taxes now codified in ORS 307.400 apply only to a category of tangible personal property defined in ORS 307.020(3)."
Id. at 389. There are several problems with placing any reliance on Saunders in this case.
1. First, Saunders involved the question of whether certain farming implements were exempt inventory under a statute requiring exempt inventory to be tangible personal property.Id. at 386. It did not deal with a centrally assessed taxpayer. What the case did address was the requirement that exempt inventory be personal property, an issue stipulated in this case. Id. at 389. *Page 484 
2. Second, although the court in Saunders referred to legislative history of changes made to the statute in the 1977 legislative session, in its briefing to the Oregon Supreme Court, the department discussed only certain changes made during the 1977 legislative session. Brief for Respondent at 2-5. Those changes were made by House Bill 2847, a bill that added a tangible personal property requirement to the inventory exemption, then found in ORS 310.608 (1977). The department did not inform the court of the contemporaneous change by which new subsection (4) was added to ORS 307.020 that narrowed its application or related changes that were made in ORS 308.510 by Senate Bill 113, adopted in the same session. Id. The foregoing is not said to fault the department for its briefing in Saunders. It saw no reason to look more carefully at the overall statutory context. There is no indication in the opinion of the Oregon Supreme Court that it looked more carefully at the question of the overall relationship of ORS307.020, ORS 307.400, and ORS 308.505 to 308.665 (the central assessment statutes) — one of the issues in this case.Saunders was decided solely on the basis of the explicit requirement in the then-existing inventory exemption statute that farm machinery be, generically, tangible personal property. Id. at 389.
3. It is abundantly clear that even a modestly careful reading and analysis of Saunders demonstrates it cannot be viewed as addressing the question of how the provisions of ORS307.020, ORS 307.400, and the central assessment statutes are to be read together. The court adheres to its analysis on this question as expressed in the Order.
C. The Pacificorp Power Marketing decision
4. 5. The department suggests the court failed to follow applicable precedent in the form of the decision inPacificorp Power Marketing v. Dept. of Rev.,340 Or 204, 131 P3d 725 (2006). The department appears to argue that because the court there concluded an exemption statute that contemplates other preeminent tax rules, specifically ORS307.090, [2] can be reconciled with the central assessment statutes, ORS *Page 485 307.400 must also be reconciled by permitting the central assessment statutes to control. The simple answer to that argument is, as noted by the Oregon Supreme Court, that ORS307.090 contains a proviso permitting it to be superseded by the central assessment statutes and other statutes. Id.
at 220. ORS 307.400 contains no such proviso or exceptionclause. The court adheres to the Order on this point.
D. ORS 174.010 and the D. R. Johnson Lumber decision
The department makes an argument based on ORS 174.010 andD. R. Johnson Lumber Co. v. Dept. of Rev., 318 Or 330,866 P2d 1227 (1994), that the court does not understand to be anything other than a disagreement with the Order, to which the court adheres.
E. Legislative history and interpretation
In its initial motion for reconsideration, the department concluded with an argument based on legislative history and the question of implied amendment. One day before the oral argument on its motion, and without leave of the court, the department filed voluminous and unexplained material that apparently was designed to address matters of legislative history and statutory construction. The submission also raised a question regarding the case of Department of Revenue v. ACF Industries,Inc., 510 US 332, 114 S Ct 843, 127 L Ed 2d 165 (1994), that will be discussed separately below. That submission was improper in its timing, provided the court and taxpayer no opportunity for review, and provided no context for understanding the material submitted. With taxpayer's agreement, the court granted further time for briefing by the department and a response from the taxpayer.
The premise of the department's arguments based on the voluminous legislative and other historical materials that were submitted is that there has been, in Oregon, a property tax and a separate "inventory tax" applicable only to locally assessed property. This position is advanced so that the department can assert that provisions of ORS 307.400 apply only to locally assessed property subject to the "inventory tax" and not to centrally assessed property, a species of property different from inventory. There is no support in the *Page 486 
law applicable to the years at issue for such a contention, and the materials and arguments submitted by the department do not supply one. Most importantly, none of the new material or the department's arguments was before the legislature when it adopted ORS 307.400. Nothing in the department's belated submissions constitutes a reason for the court to depart from the Order.
F. The ACF Industries decision
The department's invocation of ACF Industries does not help it. In ACF Industries, the question was whether federal statutory nondiscrimination rules were violated.510 US at 335. Those rules generally provided limitations on state taxation of the property of railroads that were more burdensome than taxation of certain types of nonrailroad property.Id. at 338-36. The particular question in the case was whether impermissible discrimination occurred if property tax exemptions available to taxpayers generally were not available to railroads. Id. at 338-39. In relying on ACFIndustries, the department first assumes that its position in this case — ORS 307.400 is not applicable to centrally assessed property — is and was correct. It then speculates that in the face of significant federal court litigation relating to what it posits the law was, the Oregon legislature could have, but did not, change the law so as to exempt inventory for centrally assessed properties. The department concludes that this inaction by the legislature is proof of a legislative purpose to treat centrally assessed inventory differently from other inventory property.
6, 7. Beyond the attenuated logic of the department, its attempted use of ACF Industries to support its premise on the application of ORS 307.400 to centrally assessed property suffers from several problems. First, the taxpayer in ACFIndustries had no inventory, and an amendment to ORS307.400 would have had no effect on the litigation. Id.
at 335-36, 342. Second, in its briefing to the United States Supreme Court, the department argued that discrimination as to exemptions was not prohibited by the relevant federal statute.[3] Brief for Petitioner at 27-28, 1993 WL 406578 at * 27-28. *Page 487 
Finally, in oral argument, then Solicitor General, now Justice, Virginia Linder, assured the court that centrally assessed taxpayers were afforded the benefit of the exemption for business inventory. Transcript of Oral Argument, 1993 WL 757664 at *48-49. If, as this court must assume, that was what the department believed, no amendment to ORS 307.400 would have been needed because inventory of a centrally assessed taxpayer was already, by legislative choice, exempt. Legislative inaction in such a context is, therefore, fully consistent with the conclusion of this court — ORS 307.400 applies to centrally assessed property.
The court adheres to its Order of November 19, 2007. Now, therefore,
IT IS ORDERED that Defendant's Motion for Reconsideration is denied.
[1] All references to the Oregon Revised Statutes (ORS) are to the 2003 edition.
[2] The department suggests this argument also implicates ORS307.110, but only ORS 307.090 is relevant to the department's argument here.
[3] This was in fact the logic of the decision in the case. That position, of course, makes the application of any particular exemption irrelevant. *Page 488