IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

FARMERS DIRECT, INC., )
)
      Plaintiff, ) TC-MD 160389R
)
v. )
)
YAMHILL COUNTY ASSESSOR, )
)
      Defendant. ) **FINAL DECISION**[1]

Plaintiff appealed Defendant's denial of tax exemption for farm machinery (account 561061), dated January 27, 2016, for the 2016-17 and 2017-18 tax years. The parties and Magistrate attended a site view of Plaintiff's property on August 1, 2017. Trial was held on October 26, 2017, at the Oregon Tax Court, Salem, Oregon. Connor J. Harrington, of the law firm Kevin L. Mannix, P.C., appeared on behalf of Plaintiff. Mark Gaibler (Gaibler), Stephanie Schuld (Schuld), and Erik Lerwick (Lerwick) testified on behalf of Plaintiff. Laurie E. Craghead, attorney-at-law, appeared on behalf of Defendant. Christopher Lanegan (Lanegan) and Michael Saladino (Saladino) testified on behalf of Defendant. Plaintiff's Exhibits 1 to 7 were offered and received without objection. Defendant's Exhibits A to G were offered and received without objection.

## I. STATEMENT OF FACTS

Plaintiff is an Oregon domestic business corporation, whose principal operations are located in Yamhill County. Gaibler testified that he is a partner and owner of Plaintiff. He testified that in the past it was more economical for farmers such as him to burn hay and straw in

---

[1] This Final Decision incorporates without change the court's Decision, entered February 28, 2018. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

the field. State and local policies and environmental regulations changed that, and Gaibler discovered that there was a profitable market for those products overseas. He testified that because shipping is charged by volume and not by weight, Plaintiff would have to find a way to reduce the volume of the product. Gaibler testified that hay and straw could not be effectively compressed in the field. Plaintiff purchased a Steffen Systems Model 4600SP Big Bale Compression System (Compression System) to cut and compress large bales of hay and straw into smaller ones. Defendant determined the Compression System did not meet the requirements for property tax exempt farm machinery and equipment under ORS 307.394(1). Plaintiff appeals that decision.

The Compression System takes up approximately 1,372.2 square feet. (Def's Ex C at 2.) It includes several main components: an infeed system that can fit up to twelve incoming big bales; a main press that compresses the bale and ejects it; an outfeed system that packages the finished bale; a power unit that runs with a hydraulic reservoir and electric motors; and a control system that monitors and controls all aspects of the machine. (Ptf's Ex 1 at 9.) On a daily basis, Plaintiff's employees put big bales of hay into the Compression System. The infeed system cuts the incoming big bales in half, and then the main press compresses the bales lengthwise. (Ptf's Ex 1 at 9.) The bales then are wrapped and ready for shipment. An incoming bale is 34 to 37 inches tall, 46 to 49 inches wide, and 90 to 108 inches long. (Ptf's Ex 1 at 10.) A finished bale is 17 inches tall, 46 inches wide, and 21 inches long. (Ptf's Ex 1 at 10.) Depending on the conditions, a finished bale doubles in density of an incoming bale. (Ptf's Ex 1 at 10.)

Gaibler testified that the Compression System is located in a leased barn in Yamhill County. The Compression System is bolted to the ground and connected to a power panel attached to a wall and to a hydraulic system. Gaibler testified that about half of the hay that goes

through the Compression System is from his or his partner's farm and the other half is purchased from other farms. Gaibler testified that the Compression System can be removed from the barn without professional help and would leave no damage to the barn. A stacking system that was originally part of the Compression System was slowing the outfeed system down so it was removed about one year after installation.

Schuld is Plaintiff's office manager and has previous experience working with the Compression System. She testified that generally, straw and hay is first harvested from different farms, then stored in the Plaintiff's barns before being moved and put into the Compression System. Schuld testified that throughout this process, Plaintiff's employees examine each bale for dirt. If there is dirt, the finished bale fails to meet export quality standards and is then sold to local farms. If there is no dirt, the finished bale goes directly into a shipping container.

Lerwick testified that he is Plaintiff's operations manager. He testified the Compression System took three to four weeks to install because it was still being manufactured. Otherwise, he testified, installation could have been completed in a couple of days. The system came in component parts which had wheels which make is easy to move. The system is bolted together and to the floor to prevent it from moving during operation. The Compression System is connected to a power unit that is bolted to the floor and which in turn is connected to a specially installed transformer located outside the barn. The Compression System uses hydraulic pressure linked by 20 separate hoses. Lerwick testified that it would take a couple of big forklifts, trucks, trailers and less than a day's time to remove the Compression System from the barn.

Lanegan testified he has been Defendant's chief appraiser since September 2016 and has 10 years of private appraising experience. He testified that the Compression System is real property for taxation purposes because the component parts are all bolted together, it is bolted to

the floor, as well as hardwired to a power source and hydraulic system. Lanegan testified that he contacted the Department of Revenue and surveyed about six counties and found they all agreed that the Compression System should be taxed as real property.

Saladino testified that he is a manager on the real property valuation team for the Department of Revenue. He testified that he reviewed Defendant's video of the Compression System and determined it should be taxed as real property. Saladino testified that he based his opinion on the machine's large size, the fact that the machine is not readily moveable, as it is bolted to the floor, and hardwired to the electrical and hydraulic system.

## II. ANALYSIS

The question before the court is whether the Compression System is entitled to property tax exemption for the 2016-17 and 2017-18 tax years under ORS 307.394(1).[2] Generally, all real and tangible personal property are subject to taxation. ORS 307.030. The Oregon Legislative Assembly has provided a number of exceptions to the general policy. One such exception is for certain machinery and equipment used for farming.

ORS 307.394(1) states in pertinent part:

"(1) The following tangible personal property is exempt from ad valorem property taxation:

"(a) Farm machinery and equipment used primarily in the preparation of land, planting, raising, cultivating, irrigating, harvesting or placing in storage of farm crops;
* * * * *
"(d) Farm machinery and equipment used primarily in any other agricultural or horticultural use or animal husbandry or any combination of these activities."

"In interpreting a statute, the court's task is to discern the intent of the legislature." *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). "First the court

---

[2] Unless otherwise noted, the court's references to the Oregon Revised Statutes (ORS) are to 2015.

examines the text and context of the statute. If the legislature's intent is obvious from that first level of analysis, 'further inquiry is unnecessary'." *State v. Gaines*, 346 Or 160, 164, 206 P3d 1042 (2009). "Words of common usage typically should be given their plain, natural, and ordinary meaning." *PGE* at 611. In this case, the court will not consult legislative history because as discussed below, the legislature's intent is obvious from the text and context of the statutes, and neither party proffered legislative history to the court to prove otherwise. Plaintiff has the burden of proof and must establish by a preponderance of the evidence. ORS 305.427.

In analyzing whether the Compression System is entitled to tax exemption under ORS 307.394(1), the court will first examine if it meets the definition of tangible personal property. Then, the court will consider whether it is exempt farm machinery and equipment or non-exempt processing equipment.

A.      *Tangible Personal Property*

As stated above, ORS 307.394(1) provides a property tax exemption for certain farm machinery and equipment that is tangible personal property. As used in the property tax law of Oregon, tangible personal property "includes but is not limited to all chattels and movables, such as boats and vessels, merchandise and stock in trade, furniture and personal effects, goods, livestock, vehicles, farming implements, movable machinery, movable tools and movable equipment." ORS 307.020(1)(c). "Personal property" is further defined by Oregon Administrative Rules (OAR) 150-307-0030(4) as "movable machinery, movable tools and movable equipment include items readily movable as opposed to apparently stationary or fixed items."

Plaintiff argues that the Compression System is personal property that is movable as defined by ORS 307.020(1)(c). Plaintiff's representatives testified that the machine is movable

because the bolts can be removed, all four components can be disassembled and disconnected, removal would not cause any damage to the land, and it could be moved in about a day. Defendant argues that the Compression System in not personal property. Defendant presented testimonies, pictures and video at trial to show that the machine is not movable because it is bolted down; it is large in size; and it is connected to a stationary hydraulic and electrical system. (Ptf's Ex 5 and 6; Def's Ex B)

Reading ORS 307.020(1)(c) and OAR 150-307-0030(4) together, given its "plain, natural, and ordinary meaning," it is clear to the court that movable machinery, tools, or equipment should be readily movable as opposed to apparently stationary or fixed to qualify as a tangible personal property. *See PGE*, 317 Or at 611. In this case, even though the Compression System is designed to permit removal in the sense that the bolts can be removed and the components can be disconnected from each other, it is not designed to be readily movable. As the plaintiff testified, moving the Compression System would require trucks, trailers and forklifts, so it is not readily movable for Plaintiff's day-to-day operation. In addition, Plaintiff did not provide evidence to show that the Compression System has been used in different locations or as a unit has ever been moved in the past, other than removing a stacking system from the outfeed system component. Plaintiff also did not provide a plan to move the Compression System to another location. Gaibler testified that the Compression System will be moved to one of Plaintiff's own properties one day, but there is no indication of when that would occur.

The definition of real property also provides a clear perspective on the categorization of the Compression System. ORS 307.010(1)(b)(B) defines real property as "all buildings, structures, improvements, machinery, equipment or fixtures erected upon, above or affixed to the

land." OAR 150-307-0010(2)(b)(B) provides the meaning of "affixed to": "affixed to means being annexed or attached to the real property by bolts, screws, nails or by being built into the structure. Also, items may be constructively affixed to the land or building and considered real property by virtue of their weight or size." Examples include pipeline milking equipment, seed cleaning equipment, rock crushing plants, and plywood machinery and presses. OAR 150-307-0010(2)(b)(B). The Compression System is a large piece of machinery that is affixed to the land by being annexed to the barn by bolts, screws or nails, therefore it falls within the definition of ORS 307.010(1)(b)(B).

Plaintiff's interpretation of "personal property" renders almost every piece of machinery movable and not affixed to the land, as oppose to the limitations set by OAR 150-307-0010(2)(b)(B). However, the examples in the OAR above show that movability is not the sole criteria.

Case law also clarifies the moveability component. In *Saunders v. Dept. of Rev.*, 300 Or 384, 711 P2d 961 (1985), the court considered whether a "Harvestore," a storage unit similar to a silo, was personal property. The unit was constructed of sheet metal panels bolted together, which was itself bolted to a concrete pad. The court noted "[i]t takes a crew of 5–7 men two days to erect a Harvestore." *Id*. at 386. Taxpayer in that case argued that because the Havestore could be moved, it is personal property. *Id*. at 387. However, the court held "that even though the Harvestores are 'movable' in the sense that the bolts can be removed and the structure moved to another location, they are not 'movable' under ORS 307.020(3)." *Id*. The court reasoned that the legislature "intended to exempt described personal property that generally is moved or movable *in the ordinary course of business*." *Id*. (emphasis added.)

The Compression System was not designed and did not function so as to be moved in the

ordinary course of business. The combination of bolts and especially the 20 hydraulic pipes and numerous electrical connections, shows that the machine was not readily moveable. Therefore, the court finds the Compression System is not a tangible personal property as defined in ORS 307.020(1)(c).

B.      *Farm Machinery and Equipment Tax Exemption*

ORS 307.394(1)(a) exempts from property taxation: "Farm machinery and equipment used primarily in the preparation of land, planting, raising, cultivating, irrigating, harvesting or placing in storage of farm crops." The Oregon Supreme Court clarified that ORS 307.394's "list of uses does not include the processing of farm crops; neither does it include the sale of farm crops or the sale of processed farm crops." *King Estate Winery, Inc. v. Dept. of Rev.*, 329 Or 414, 419-420, 988 P2d 369 (1999). "Processing" is defined in OAR 150-307-0460(1)(b): "altering the crop in any way such as: washing, icing, sorting, grading, waxing, boxing, slicing, or cutting." Furthermore, OAR 150-307-0460(2) states: "Machinery and equipment used to place a farm crop in storage are exempt from taxation. However, once processing of the crop is begun, it is no longer a crop, but a product." The regulation provides an example:

> "Apples are picked and go directly into cold storage. This would be considered 'placing in storage of farm crops.' When these same apples are sorted, washed or boxed it becomes a product and placing back into cold storage until sold is not considered 'placing in storage of a farm crops.' At this point apples change from a crop to a product."

Plaintiff argues that "[t]he initial baling of straw and hay in the field is performed so that the straw and hay can be transported, handled, stored and used. Straw and hay compression is simply an extension of this initial baling procedure." (Ptf's Opening Brief at 5.) Plaintiff also argues that the Compression System does not process the straw and hay into another product, but only compresses the straw and hay into smaller bales.

However, after considering the "plain, natural and ordinary meaning" of the above statutes, it is clear to the court that the finished bale is a product. In this case, the straw and hay is first harvested, stored, and then transported to the location of the Compression System. The Compression System cuts the bale in half and then compresses it lengthwise into a bale smaller in size with a higher density. Per the example set out by OAR 150-307-0460(2), when a harvested apple is boxed, it becomes a product, even though the apple itself would not have changed. Similarly in this case, even though the straw and hay remains the same straw and hay, it gets sliced, compressed, and wrapped, and so it becomes a product. Furthermore, the Compression System is not used for harvesting or preparing the bales for storage. Rather, it is used to process and resize the bales so that they are ready for shipment. Even if the finished bales are placed back into storage before shipping overseas, it is still a product rather than a crop.

Plaintiff cites *Gilmour v. Linn County*, 279 Or App 584, 379 P3d 833 (2016), for the proposition that the Compression System performs farm use. Plaintiff's emphasis on *Gilmour* is misplaced. *Gilmour* involves an appeal of an order by the Land Use Board of Appeals regarding whether certain activities are considered "preparation" or "processing." The Oregon Court of Appeals concluded that activities such as treatment, sorting, or packaging falls under the meaning "farm use," and thus not considered "processing." While the subject matter is similar—compressing straw and hay—*Gilmour* does not define "processing" for the current case. Here, "processing" is clearly defined for the purpose of taxation, that "processing" is when a crop is sorted, boxed or in other ways gone through treatment as stated in OAR 150-307-0460(1)(b). In *King Estate Winery*, 329 Or at 422, the court stated:

> "Land use laws reflect different policies than tax laws. The special assessment statutes relating to farm land specifically refer to ORS 215.203(2)(a) as the source for the definition of 'farm use.' ORS 307.400, the personal property exemption statute at issue here, makes no specific reference to a definition of 'farm machinery and equipment,'

neither does that statute refer to the definition of 'farm use' in ORS 215.203(2)(a).  * * * Oregon land use laws are not relevant to a resolution of the issue presented in this case."

The *King Estate Winery* language clearly makes *Gilmour* inapplicable in this case.  For the above reasons, the court determines that the Compression System is not entitled to farm machinery and equipment tax exemption under the ORS 307.394(1).

### III.  CONCLUSION

After careful consideration, the court concludes that the Compression System is not personal property as defined in ORS 307.020 (1)(c).  Furthermore, the Compression System is not farm machinery and equipment and not entitled to exemption under ORS 307.394(1).  Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this ____ day of March 2018.


_____
RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed.  TCR-MD 19 B.*

*This document was signed by Magistrate Davis and entered on March 20, 2018.*