Argued and submitted January 3, judgment of the Tax Court affirmed
February 10, 1994

### D. R. JOHNSON LUMBER COMPANY,
dba Prairie Wood Products,
and Strawberry Mountain Power Company,
an Oregon corporation,
and The Jody Johnson Trust, an Oregon Partnership,
dba Co-Gen Company and Co-Gen II,
*Appellants,*

*v.*

### DEPARTMENT OF REVENUE,
STATE OF OREGON,
*Respondent.*

(OTC 3237; SC S40298)

866 P2d 1227

Inge D. White, of Dole, Coalwell, Clark & White, P.C., Roseburg, argued the cause and filed the brief for appellants.

Ted E. Barbera, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Theodore R. Kulongoski, Attorney General, Salem.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Fadeley, Unis, and Graber, Justices.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Taxpayers ("D. R. Johnson Lumber Company")[1] appeal from a decision of the Tax Court that their two steam powered electric generating facilities (the facilities) are assessed properly under ORS 308.505 *et seq. D. R. Johnson Lumber Co. v. Dept. of Rev.*, 12 OTR 429 (1993). For the reasons that follow, we affirm the Tax Court's judgment.

Taxpayers own two steam powered electric generating facilities ("Co-Gen" and "Co-Gen II") that use wood waste to generate steam. Most of the wood waste is a byproduct from D. R. Johnson Lumber Company's adjacent lumber mills, but Co-Gen and Co-Gen II also purchase wood waste from other lumber mills owned by unrelated parties. Although 25 to 30 percent of the steam generated by the facilities is used in the kilns at the adjacent lumber mills, more than half of the steam is used to generate electricity that, except for a portion used to operate the generating facilities, is sold to power companies. Electricity required by the lumber mills is purchased separately from the power companies.

In 1988, D. R. Johnson Lumber Company filed an election with the Department of Revenue (department) to have Co-Gen and Co-Gen II's facilities valued under ORS 308.411[2] for tax purposes.[3] The department denied the election and assessed Co-Gen and Co-Gen II under ORS 308.505

---

[1] Taxpayers include D. R. Johnson Lumber Company, dba Prairie Wood Products, Strawberry Mountain Power Co., and the Jody Johnson Trust, an Oregon partnership, dba Co-Gen Company and Co-Gen II. The two electric power generation facilities at issue in this case are owned by Co-Gen and Co-Gen II. D. R. Johnson Lumber Company is a partner of both Co-Gen and Co-Gen II. For ease of reference, throughout this opinion we refer to taxpayers as a group as "D. R. Johnson Lumber Company."

[2] ORS 308.411 (1989), dealing with appraisal and valuation of industrial plants, provided in part:

"(1) Except as provided in subsections (2) to (9) of this section, an industrial plant shall be valued for ad valorem tax purposes under ORS 308.205, 308.232 and 308.235 at its true cash value utilizing the market data approach (sales of comparable properties), the cost approach (reproduction or replacement cost of the plant) or the income approach (capitalization of income) or by two or more approaches.

"(2) The owner of a plant may elect to have the plant appraised and valued for ad valorem tax purposes excluding the income approach to valuation and excluding taking into consideration functional and economic obsolescence in the utilization of any approach to valuation.

*et seq,* the statutory scheme for assessing utility companies,[4] on the ground that the facilities were not industrial plants within the meaning of ORS 308.411.

On taxpayers' appeal, the Oregon Tax Court affirmed the department's decision, holding that Co-Gen and Co-Gen II are not an integrated part of taxpayers' larger industrial plants. *D. R. Johnson Lumber Co. v. Dept. of Rev., supra,* 12 OTR at 432. The Tax Court held that Co-Gen and Co-Gen II facilities were properly designated by the department for central assessment as utilities under ORS 308.505 and concluded that they are not industrial plants that taxpayers may elect to have taxed under ORS 308.411 and

---

"* * * * *

"(8) Except as provided in this section, no owner of an industrial plant shall be required to make available to the assessor or department, any itemization of income and expense of the industrial plant for use in an income approach to valuation or for determination of functional or economic obsolescence in any approach to valuation in making an appraisal of an industrial plant for purposes of ad valorem taxation."

[3] ORS 308.408 defines an industrial plant as:

"(1) The land, buildings, structures and improvements, and the tangible personal property, including but not limited to machinery, equipment and office machines and equipment that make up the property or complex of properties used for industrial or manufacturing purposes; and

"(2) Any industrial real or personal property eligible for appraisal under ORS 306.126 and the rules of the Department of Revenue."

[4] ORS 308.515 provides in part:

"(1) The Department of Revenue shall make an annual assessment, upon an assessment roll to be prepared by the division of the department charged with property tax administration, of the following property having a situs in this state:

"(a) Except as provided in subsection (2) of this section, any property used or held for its own future use by any company in performing or maintaining any of the following businesses or services or in selling any of the following commodities, whether in domestic or interstate commerce or both, and whether mutually, or for hire, sale or consumption by other persons: * * * electricity * * *.

"* * * * *

"(5) * * * Any company which generates electricity primarily for its own use, but which makes incidental sales of its surplus electricity, is not an electric company under subsection (1) of this section."

ORS 308.520 requires that companies assessed under ORS 308.505 *et seq* file periodic statements with the Department of Revenue. ORS 308.525(13) provides in part that such statements shall contain a "statement in detail of the entire gross receipts and net earnings of the company from all sources, stated separately, for the fiscal year next preceding the date of the report."

withhold income information. *Id.* at 435. Taxpayers appealed. This court reviews *de novo.* ORS 305.445.

The parties do not dispute any material fact. This case presents an issue of statutory construction.

■ Taxpayers concede that Co-Gen and Co-Gen II are subject to central assessment under ORS 308.505 *et seq.* They argue, however, that the election provisions of ORS 308.411 for industrial plants also apply to the electric generation facilities, and that the owners of those facilities are entitled to elect to withhold income and expense information from the department under ORS 308.411(2).

The department responds that the election provisions of ORS 308.411 do not apply to facilities that are centrally assessed utilities under ORS 308.505 *et seq.* The department argues that, to hold otherwise would create an exception to ORS 308.525, which requires centrally assessed utilities to provide statements of gross receipts and net earnings to the department, because ORS 308.411(8) provides that owners who elect under ORS 308.411 may not be required to provide "any itemization of income and expense of the industrial plant for use in an income approach to valuation * * *."

■ In construing statutes, our duty is to discern the intent of the legislature. ORS 174.020. To discern legislative intent, we first look to the text and context of the statute at issue. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). In reviewing text and context, the court takes into consideration the rules of statutory construction that bear directly on the reading of the text and context. *Id.* at 611. If, after that inquiry, the legislative intent remains unclear, the court then looks to the legislative history of the statute at issue. *Id.* at 611-12. Only if the legislative intent remains unclear does the court turn to general maxims of statutory construction. *Id.* at 612.

ORS 174.010 provides:

"In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there

are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all."

Our goal, then, in examining the text and context of ORS 308.411 and 308.505 *et seq,* is to determine the legislature's intent and, if possible, to adopt a construction that will give effect to all the relevant statutes. With that template in mind, we proceed to consider the statutes at issue here.

Taxpayers argue that, although the electric generation facilities may be centrally assessed as utilities under ORS 308.505 *et seq,* they also are industrial plants under ORS 308.411. We disagree. Taxpayers' interpretation would not give effect to each provision in each relevant statute. If Co-Gen and Co-Gen II may elect to be assessed under ORS 308.411(2) excluding the income approach to valuation and, under ORS 308.411(8), may not be required to provide the department with income and expense information, then the provisions of ORS 308.525(13), which requires utilities to file a statement of gross receipts and net earnings, cannot be applied to them.

Taxpayers counter that, although those statutes may be inconsistent, an application of another rule of statutory construction, "when a general and particular provision are inconsistent, the latter is paramount to the former," ORS 174.020, solves the problem. That argument assumes, however, that the statutory provisions for assessing utilities are more general than the statutory provisions for assessing industrial plants are particular, and that the general and particular statutory provisions are inconsistent. We proceed to test those assumptions.

ORS chapter 308 concerns assessment of property for taxation. ORS 308.005 to 308.030 are provisions of general application. ORS 308.050 to 308.343 also pertain to matters that might be described as general. The balance of chapter 308, however, consists of sections devoted to taxation of particular types of properties, such as agricultural land, industrial plants, homes for the elderly, various types of residences, utilities, and open spaces. *See* ORS 308.345 to 308.905. Both of the statutes at issue in this case fall within that later portion of the chapter, *i.e.,* both of those statutory

schemes are "particular." Thus, we reject taxpayers' underlying assumption that one statutory scheme is "general" and that the other is "particular."

Moreover, we are not persuaded that the statutory schemes necessarily are inconsistent. Taxpayers concede that the electric power generation facilities are utilities subject to assessment under ORS 308.505 *et seq*. They do not argue that one statutory scheme applies and the other does not. Rather, they argue that both schemes apply to their facilities. For the reasons that follow, we find that argument unpersuasive.

If the facilities' primary purpose was to dispose of waste from and to provide steam to the mills, then taxpayers could avoid assessment under ORS 308.505 *et seq* by proving that they fall within the exception stated in ORS 308.515(5), which provides, in part:

> "Any company which generates electricity primarily for its own use, but which makes incidental sales of its surplus electricity, is not an electric company under subsection (1) of this section."

Taxpayers, however, do not claim that the quoted exception applies to its facilities. Rather, they argue that their facilities are part of their "complex of properties used for industrial or manufacturing purposes," ORS 308.408(1), because they use wood waste from and provide steam to the adjacent lumber mills.

Although a steam powered electric generation facility that comes within the ORS 308.515(5) exception and, thus, is not assessable for tax purposes under ORS 308.505 *et seq,* could be a part of an industrial plant eligible to elect to withhold income and expense information from the assessor under ORS 308.411(2), it does not follow that a steam powered electric generation facility that does not come within one of the ORS 308.515 exceptions also qualifies as an industrial plant for assessment purposes.

Giving full effect to both statutory schemes, we conclude that the legislature intended that the owners of a steam powered electric generation facility that is assessable under ORS 308.505 *et seq,* are not eligible to elect to withhold income and expense information under ORS 308.411, because ORS 308.525(13) specifically requires the facility to

provide such information to the assessor. Because we find that an analysis of the text and context of the relevant statutes provides a sufficient explanation of the legislature's intent, it is unnecessary for us to explore legislative history.

We hold that taxpayers' electric generation facilities were properly designated by the department for central assessment under ORS 308.505 and that taxpayers are not entitled to make the election authorized under ORS 308.411. The Tax Court was correct in so holding.

The judgment of the Tax Court is affirmed.