IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| JEFFREY JOEL RIVERA and LAURA JUNE RIVERA, | ) ) ) | |
| Plaintiffs, | ) ) | TC-MD 190363N |
| v. | ) ) ) | **ORDER DENYING PLAINTIFFS'** |
| DEPARTMENT OF REVENUE, State of Oregon, | ) ) ) ) | **MOTION FOR SUMMARY JUDGMENT and GRANTING DEFENDANT'S CROSS MOTION FOR** |
| Defendant. | ) | **SUMMARY JUDGMENT** |

This matter came before the court on the parties' written briefings. During the case management conference held January 8, 2020, Defendant agreed with the facts stated in Plaintiffs' Complaint except for allegations pertaining to Plaintiffs' phone call with Defendant's employee. The parties submitted written arguments and additional evidence in accordance with their agreed-upon schedule. This matter is now ready for the court's determination.

## I. STATEMENT OF FACTS

Plaintiffs purchased solar panels from Solar City and received an Oregon Residential Energy Tax Credit (RETC) totaling $6,000. (Compl, Ex 1 at 1.) Solar City received "Permission to Operate" from Portland General Electric on February 6, 2015. (Ptfs' Ltr, Jan 13, 2020.) Plaintiffs made their first payment to Solar City on April 1, 2015. (Ptfs' Ltr, Jan 28, 2020, Ex 4.[1]) A representative of the Oregon Department of Energy (DOE) reported that Plaintiffs' RETC application was received April 15, 2015, and certified April 21, 2015. (Ptfs' Ltr, Jan 13, 2020.) Plaintiffs received a postcard from the DOE postmarked April 22, 2015.

---

[1] Plaintiffs provided an invoice from Solar City dated April 13, 2015, including a section listing "Payments Received" under which the only payment listed was dated April 1, 2015.

(Compl, Ex 3.) On the postcard, the $6,000 credit was divided into four $1,500 increments beginning in the 2014 tax year. (*See id.*)

Plaintiffs first claimed the RETC credit in the amount of $1,500 on their 2015 tax return and claimed additional amounts in each tax year through 2018. (*See* Compl, Ex 1 at 1.) In its Written Objection Determination letter, dated July 24, 2019, Defendant denied the $1,500 credit claimed in 2018 stating that Plaintiffs had to claim the credit beginning in 2014 and could not claim it in 2018. (*See id.* Ex 5.) Plaintiffs had a net income tax liability exceeding $1,500 in 2014. (Def's Mot Summ J at 1.) Plaintiffs' time to amend their 2014 return has expired. (Compl, Ex 5.)

## II. ANALYSIS

The issue presented is whether Plaintiffs are allowed a $1,500 RETC for the 2018 tax year under ORS 316.116 and accompanying administrative rules.

This matter is effectively before the court on cross motions for summary judgment. The court shall grant summary judgment

> "if the pleadings, depositions, affidavits, declarations, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law. No genuine issue as to a material fact exists if, based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party on the matter."

Tax Court Rule 47 C. As the party seeking affirmative relief, Plaintiffs bear the burden of proof by a preponderance of the evidence. ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." *Feves v. Dept. of Revenue*, 4 OTR 302, 312 (1971).

/ / /

/ / /

A.      *RETC Allowed Under ORS 316.116, Generally*

ORS 316.116 allows a credit against taxes otherwise due "for costs paid or incurred for construction or installation of each of one or more alternative energy devices in or at a dwelling." ORS 316.116(1)(a).[2] The total amount of the credit allowed in any one tax year is limited to the lesser of the taxpayer's tax liability or $1,500. ORS 316.116(3)(a), (7).

> "Unused credit amounts may be carried forward as provided in subsection (8) of this section, but may not be carried forward to a tax year that is more than five tax years following the first tax year for which any credit was allowed with respect to the category two alternative energy device that is the basis for the credit."

ORS 316.116(3). Subsection (8) states, in turn, that

> "Any tax credit otherwise allowable under this section that is not used by the taxpayer in a particular year may be carried forward and offset against the taxpayer's tax liability for the next succeeding tax year. Any credit remaining unused in the next succeeding tax year may be carried forward and used in the second succeeding tax year, and likewise any credit not used in that second succeeding tax year may be carried forward and used in the third succeeding tax year, and any credit not used in that third succeeding tax year may be carried forward and used in the fourth succeeding tax year, and any credit not used in that fourth succeeding tax year may be carried forward and used in the fifth succeeding tax year, but may not be carried forward for any tax year thereafter."

ORS 316.116(5) sets forth requirements "to qualify for a credit under this section." First, "[t]he alternative energy device must be purchased, constructed, installed and operated in accordance with ORS 469B.100 to 469B.118 and a certificate issued thereunder." ORS 316.116(5)(a). Second, the taxpayer must be the owner or contract purchaser of the dwelling, or the tenant of either, and must use the dwelling as a principal or secondary residence. ORS 316.116(5)(b). Third, "[t]he credit must be claimed for the tax year in which the alternative

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2017. Generally, the 2017 ORS would apply to the 2018 tax year, however, the 2013 ORS applies to devices certified after January 1, 2012, and before September 1, 2015. *See* Or Laws 2015, Ch 701, § 37(1), (2); Or Laws 2012, ch 45, §§12, 14. The parties referred to the 2017 statutes. No material changes to the relevant statutes occurred between 2013 and 2017.

energy device was purchased if the device is operational by April 1 of the next following tax year." ORS 316.116(5)(c).

Defendant and the DOE have each promulgated rules implementing the RETC program. *See* OAR 150-316-0130(1) (stating that "the Oregon Department of Energy administers provisions related to the eligibility, verification and certification of an alternative energy device for purposes of the [RETC]" and referencing OAR 330-070-0010 through 330-070-0097). OAR 150-316-0130(2) states, in pertinent part, that "[e]ach taxpayer that qualifies for the credit may apply the allowable credit to the current year's tax liability. Any unused credit balance may be applied to the following year's tax liability for up to five successive years." OAR 330-070-0024, concerning "Year Credit Claimed," states

"(1) The tax credit must be claimed pursuant to ORS 316.116.

"(2) The tax credit allowed in any one year may not exceed a person's tax liability for that year. Unused credit may be carried forward for a maximum of 5 years as allowed under ORS 316.116.

"(3) The tax year for which the tax credit may be claimed is determined by the operational date of the AED:

"(a) If the operational date of the AED is before April 1 of the tax year following the year it was purchased, then the tax credit must be claimed for the tax year in which the AED was purchased. Proof of purchase is established using the 'Purchase Date' as defined in OAR 330-070-0013.

"(b) Otherwise, the tax credit must be claimed for the tax year in which the AED became operational. Proof of operation is established using the 'Operational Date' as defined in OAR 330-070-0013."

OAR 330-070-0013(22) defines "Operational Date" as "the date when final inspection is completed by a local jurisdiction for an AED and the AED is fully operational." OAR 330-070-0013(32) in turn defines "Purchase Date" as "the date when the first down payment is made by

/ / /

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT and
GRANTING DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT
TC-MD 190363N                                                                                          4

the applicant on a contract or invoice for an AED.  The applicant must provide confirmation of the purchase date to the department."

B.    *Parties' Arguments*

Plaintiffs argue that ORS 316.116 "clearly states that the tax credit is allowable up to five years from issue date[.]"  (*See* Compl, Ex 1 at 1-2.)  If 2014 was the first tax year in which the credit was allowed, 2018 was the fifth year to use any remaining credit.  (*See id.*)  Plaintiffs also challenge whether 2014 was the first year the tax credit was allowed; they offered evidence that they made their first payment on April 1, 2015, suggesting that that alternative energy device was "purchased" in 2015.  *See* ORS 316.116(5)(c).

Defendant disallowed Plaintiffs' RETC because the postcard that the DOE sent Plaintiffs stated the credit was only available for the 2014 through 2017 tax years.  (Compl, Ex 5.)  Defendant argues that ORS 316.116(5)(c) requires Plaintiffs to have claimed the RETC in 2014 because the DOE postcard "is the only verifiable third-party documentation" and Plaintiffs have not provided "verifiable documentation" showing that the postcard is incorrect, "nor have they provided documentation establishing the purchase date or operational date of their AED."  (*See* Def's Mot Summ J at 1-2.)  Defendant notes that Plaintiffs had sufficient tax liability in 2014 to use a $1,500 credit that year and should have amended their return to do so.  (*Id.*)  Defendant reasons that the carry forward provision "would not apply to * * * Plaintiffs had they claimed the credit correctly."  (*Id.* at 2.)

Plaintiffs respond that ORS 316.116(5) sets forth requirements to qualify for the RETC, which they satisfied as evidenced by their receipt of a certification from the DOE.  (Ptfs' Ltr, Jan 13, 2020.)  They maintain that ORS 316.116(5)(c) specifies when a taxpayer must claim the credit (or request certification) from the DOE, not when the taxpayer must first use the credit on

a return. (*See id.*) Plaintiffs draw a distinction between the requirements to qualify for the RETC and the rules governing "the application of the tax credit on a tax return" in a given year, noting the more expansive language of "any credit" used in subsection (8). (*See id.*)

C.      *Whether RETC Must Be Claimed in First Year of Eligibility*

The parties' dispute concerns the proper construction of ORS 316.116, particularly how to reconcile the requirement that the credit be claimed in the first year of eligibility with the allowance of a carry forward to up to five years for any unused credits. This appears to be a question of first impression.

When interpreting a statute, the court's "paramount goal" is to discern the legislature's intent. *State v. Gaines*, 346 Or 160, 171, 206 P3d 1042 (2009); *see also PGE v. Bureau of Labor and Industries*, 371 Or 606, 610, 859 P2d 1143 (1993) (citations omitted). The court begins with the text and context as "the best evidence of the legislature's intent." *PGE*, 371 Or at 610; *see also Gaines*, 346 Or at 171 ("[o]nly the text of a statute receives the consideration and approval of a majority of the members of the legislature, as required to have the effect of law"). In construing the text, words of common usage are "given their plain, natural, and ordinary meaning." *PGE*, 371 Or at 611. Context "includes prior versions of the statute, applicable case law interpreting the statute, and other related statutes." *North Harbour Corp. v. Dept. of Rev.*, 16 OTR 91 (2002). The court must not "insert what has been omitted, or * * * omit what has been inserted" and "give effect to each provision in each relevant statute." ORS 174.010; *D.R. Johnson Lumber Co. v. Dept. of Rev.*, 318 Or 330, 335, 866 P2d 1227 (1994).

"[A]fter examining text and context," the court may consider the legislative history of the statute; "an ambiguity in the text of a statute" is not a "necessary predicate to * * * consideration

of pertinent legislative history * * *." *Gaines*, 346 Or at 171-172; ORS 174.020.[3] "If the legislature's intent remains unclear after examining [text, context, and] legislative history, the court may resort to general maxims of statutory construction to aid in resolving the remaining uncertainty." *Gaines*, 346 Or at 172 (internal quotations omitted). In construing a tax credit statute, the court bears in mind that "credits, deductions, [and] exemptions" are "a matter of legislative grace and not * * * a matter of taxpayer right." *Keller v. Dept. of Rev.*, 12 OTR 381, 384-85 (1993).

ORS 316.116 uses several undefined terms with respect to the RETC: claim, allow, and use. Looking first at Plaintiffs' argument based on the carry forward provisions, the operative term is use: "*Unused* credit amounts may be carried forward" and "[a]ny tax credit otherwise allowable under this section that is not *used* by the taxpayer in a particular year may be carried forward * * *." (Emphasis added.) It is undisputed that Plaintiffs were awarded a $6,000 RETC and that $1,500 remained unused as of the 2018 tax year. Viewing the facts in a manner most favorable to Defendant, "the first tax year" of eligibility was 2014, making 2018 the fifth year. Taken alone, the carry forward provisions support Plaintiffs' claim.

Defendant argues that, notwithstanding the carry forward provisions, subsection (5)(c) required Plaintiffs to claim the RETC in 2014. Here, the operative term is "claim." Defendant reads "claim" as referring to a claim made to Defendant, presumably on a tax return, whereas Plaintiffs read "claim" as referring to a claim made to the DOE. The statutory context suggests that the DOE "certifies" the alternative energy device whereas the tax credit is "claimed" on a tax return filed with Defendant. *See* ORS 316.116(5)(c), (12) (spouses filing separately "may each *claim* a share of the tax credit that would have been allowed on a joint return"); ORS

---

[3] Neither party offered legislative history in this case.

469B.106(2) ("a person *claiming a tax credit* for construction or installation of an alternative energy device shall have the device *certified* by the State Department of Energy"); ORS 469B.106(6) ("[t]o *claim* the tax credit, the verification form * * * shall be *submitted with the taxpayer's tax return*); ORS 469B.106(9) (allowing the credit to be claimed "in the matter and subject to rules adopted by the Department of Revenue") (emphasis added). Furthermore, Defendant, not the DOE, is charged with "the administration of the revenue and tax laws of this state[.]" ORS 305.015. The court concludes that the term "claim" in ORS 316.116(5)(c) refers to a taxpayer claiming the RETC on a state tax return, rather that seeking certification by the DOE.

Having concluded that the "claim" described in ORS 316.116(5)(c) refers to a claim made on a tax return, the court next considers whether Plaintiffs were required to claim the RETC in the first year of eligibility. The statute uses the term "must," which is generally understood to be mandatory. Prior versions of ORS 316.116 provide relevant context here. The current language in ORS 316.116(5)(c) – including the phrase "the credit *must* be claimed" – was added in 1999. *See* Or Laws 1999, ch 623, §1, SB 570 (1999). Before that, the statute stated in pertinent part:

> "(i) Except as provided in sub-subparagraph (ii) of this subparagraph, the credit must be claimed for the tax year during which the alternative energy device which has been certified under ORS 469.160 to 469.180 first is placed in service or the immediately succeeding tax year.

> "(ii) For tax years beginning on or after January 1, 1990, the credit may be claimed for the tax year in which the alternative energy device was purchased if the system is operational by April 1 of the next following tax year."

ORS 316.116(4)(a)(E) (1997). Thus, the prior version of ORS 316.116 was more flexible with respect to when the credit could be claimed: a taxpayer could claim the credit in the first year of service or the immediately succeeding year, or in the year of purchase beginning in 1990. By

removing additional options and changing "may" to "must," it appears that the legislature intended to establish a requirement that the credit be claimed in the earliest possible year.

D.      *Whether 2014 was First Year of Eligibility*

The remaining question is whether Plaintiffs were required to claim the RETC in *2014* as indicated by the DOE postcard. Plaintiffs reported that Solar City received permission to operate the solar panels in 2015, so presumably that was the "Operational Date." For Plaintiffs to claim the RETC in 2014, they must have purchased the solar panels in 2014. "Purchase Date" is defined as "the date when the first down payment is made by the applicant on a contract or invoice for an AED."

Plaintiffs provided limited evidence of when they purchased the solar panels. They did not produce a contract or evidence of a down payment, though they supplied an invoice from April 2015 showing the only prior payment was on April 1, 2015. However, if the solar panels were operational in February 2015, it is hard to understand how no payment was required before installation and operation. Furthermore, better evidence of Plaintiffs' purchase date should be available. To receive the RETC, Plaintiffs were required to submit a form verifying the purchase of the solar panels, including the date of purchase. *See* ORS 469B.106(3). Absent more reliable evidence of Plaintiffs' purchase date, the court relies on the DOE postcard indicating that the first year Plaintiffs could claim the RETC was 2014. Plaintiffs were required to claim the RETC in 2014 and had sufficient liability to use $1,500 of the credit in that year; thus the carry forward provisions giving taxpayers five years to use the credit are not applicable. The court agrees with Defendant that Plaintiffs may not claim a $1,500 credit in 2018.

/ / /

/ / /

### III. CONCLUSION

Upon careful consideration, the court concludes that Plaintiffs' motion for summary judgment should be denied and Defendant's cross motion for summary judgment should be granted. Now, therefore,

IT IS ORDERED that Plaintiffs' appeal is denied.

Dated this ___ day of April 2020.

_____
ALLISON R. BOOMER
MAGISTRATE

***This is a <u>dispositive order</u> pursuant to Tax Court Rule – Magistrate Division 16 C(1). The court will issue a decision after waiting 14 days to determine whether there is a dispute about costs and disbursements. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's decision when all issues have been resolved. See TCR-MD 19.***

***This document was signed by Magistrate Allison R. Boomer and entered on April 30, 2020.***