IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

ECOBANK, LLC, an Oregon Limited )
Liability Company, and LEGACY LAND )
CONSERVANCY, an Oregon nonprofit, )
  )
        Plaintiffs, )     TC-MD 190300N
  )
    v. )     **ORDER DENYING DEFENDANT'S**
  )     **MOTION FOR SUMMARY**
LANE COUNTY ASSESSOR, )     **JUDGMENT and GRANTING**
  )     **PLAINTIFFS' MOTION FOR**
        Defendant. )     **SUMMARY JUDGMENT**

Plaintiffs appeal the disqualification of property identified as Account 1742320 (subject

property) from conservation easement special assessment for the 2019-20 tax year. (Compl at 1.)

The parties submitted this case to the court on cross-motions for summary judgment and waived

oral argument. This matter is now ready for the court's determination.

## I. STATEMENT OF FACTS

A conservation easement was recorded on the subject property on March 21, 2013.

(Def's MSJ at 2; Ex 101.) "The easement is enforceable by Legacy Land Conservancy, the

Oregon Department of State Lands, and United States Army Corps of Engineers." (Ptfs' MSJ at

6.) Plaintiffs requested special assessment on March 21, 2013. (Ptfs' MSJ at 6.) Their

application was accepted by Defendant "for the tax year beginning July 1, 2013." (*Id.* at 7, citing

Ex 105.) Legacy Land Conservancy (Legacy) is the conservation easement holder and Ecobank

is the owner within the meaning of ORS 308A.450(2) and 271.715. (Def's MSJ at 2; Ex 101.[1])

On October 7, 2015, Defendant mailed a written request for certification to Legacy at PO

Box 2372, Albany, OR 97321. (Def's MSJ at 2; Decl of Rebecca Smith ¶2; Ex 102.) Defendant

_____

[1] *See also* Ptfs' Resp to Def's Informal Discovery Requests at 3.

received the requested certification on December 21, 2015. (*Id.*) Plaintiffs did not submit another written certification between December 22, 2015, and March 4, 2019. (Ptfs' Resp to Def's Informal Discovery Requests at 3; *see also* Def's MSJ at 2, citing Decl of Rebecca Smith.)

Defendant prepared a letter to Legacy dated March 4, 2019, requesting certification. (Def's MSJ at 3; Decl of Smith ¶5; Ex 103.) The letter was addressed to PO Box 2372, Albany, OR 97321, which was Legacy's correct address at that time. (*Id.*; *see also* Ptfs' Resp to Def's Informal Discovery Requests at 3-4.) Defendant maintains that it mailed the letter, but Plaintiffs deny that they received it. (*See* Def's MSJ, Decl of Smith at ¶5; Ptfs' MSJ, Decl of Acker at ¶3.)

Having received no certification from Legacy, Defendant sent a disqualification notice to Ecobank on June 10, 2019. (*See* Compl at 4-5.) The notice stated that the subject property was disqualified in accordance with ORS 308A.465(4) based on Plaintiffs' failure "to provide the certification described in subsection 308A.465(2)(a) of this section within 90 days following the close of the three-year period or the date of the written request, whichever is earlier." (*Id.*)

After receiving the notice, Plaintiffs corresponded with a "Farm/Forest Specialist" at Defendant's office. (*See* Ptfs' MSJ, Ex 106 at 1.) Plaintiffs maintain that Ecobank first saw a copy of the March 4, 2019, letter on June 25, 2019, through that correspondence. (Ptfs' MSJ at 8, citing Ex 106 and Decl of Acker ¶5.) On June 25, 2019, Defendant's appraiser wrote to Plaintiffs stating, "[o]nce we receive the completed certification and the $100 application fee we will be able to reverse the disqualification." (Ptfs' MSJ, Ex 106 at 1.) Plaintiffs sent the certification and fee on June 26, 2019. (*See* Ptfs' MSJ at 8, Exs 106-108.) Defendant nevertheless declined to reverse the disqualification, explaining in an email dated July 16, 2019, that once it disqualified a property from special assessment, it could "not requalify for the

/ / /

program until they have recorded a new Conservation Easement and paid the declass amount."
(Ptfs' MSJ, Ex 108.)

## II. ANALYSIS

The issue presented is whether Defendant properly disqualified the subject property from conservation easement special assessment for the 2019-20 tax year based on Plaintiffs' failure to provide the required certification within the time provided under ORS 308A.465(2)(a).[2]

A.    *The Parties' Arguments, Standard for Summary Judgment*

This matter is before the court on cross motions for summary judgment.  Plaintiffs argue that they are entitled to summary judgment "because they have met all requirements for maintaining a conservation easement and have properly filed written certifications every three years as required by statute."  (Ptfs' MSJ at 4.)  Defendant maintains that it is entitled to summary judgment because its June 10, 2019, notice correctly disqualified the subject property from conservation easement special assessment under ORS 308A.465.  (Def's MSJ at 1.)

Plaintiffs make three arguments in support of their Motion for Summary Judgment.  First, Defendant's letter dated March 4, 2019, was not received by Legacy so it was insufficient notice to disqualify the subject property based on its failure to respond within 90 days.  (Ptfs' MSJ at 5, 13.)  Second, the "three-year period" in ORS 308A.465 corresponds to tax years, so Plaintiffs' certification filed in June 2019, was timely for the 2019-20 tax year.  (*See id.* at 10-11.)  Third, the statutory scheme violates the Due Process clause of the Fourteenth Amendment to the US Constitution because it does not provide for any notice to the property owner, Ecobank – only to the certificate holder, Legacy – before disqualification from special assessment and imposition of back taxes.  (*Id.* at 14-15.)

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2017.

Defendant argues that Legacy did not timely respond within 90 days of Defendant's written request for certification, so the subsequent disqualification was valid. (Def's MSJ at 4.) Defendant further argues that its written request was not a "notice" because is not required to send it; the certification is due every three years in any event. (*Id.* at 4-5.) In response to Plaintiffs' argument concerning the "three-year period," Defendant maintains it is calculated from the date of the last certification; in this case, the close of the three-year period fell on December 21, 2018. (*Id.* at 4.) With respect to Plaintiffs' third argument, Defendant disagrees that Plaintiffs have a valid due process right in special assessment, noting that tax exemptions[3] are a matter of legislative grace and "a benefit, not a property right." (Def's Resp at 1-2.)

The court shall grant summary judgment

> "if the pleadings, depositions, affidavits, declarations, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law. No genuine issue as to a material fact exists if, based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party on the matter * * *."

Tax Court Rule 47 C. The only fact that appears to be in dispute is whether Defendant mailed its written request for certification to Legacy on March 4, 2019. In considering each party's motion, the court construes that fact in the light most favorable to the opposing party.

B.     *Principles of Statutory Construction*

The issue presented is one of first impression and concerns the proper construction of ORS 308A.465. When interpreting a statute, the court's "paramount goal" is to discern the legislature's intent. *State v. Gaines*, 346 Or 160, 171, 206 P3d 1042 (2009); *see also PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993) (citations omitted). The

---

[3] Defendant refers to exemptions but presumably means to extend the same principles to special assessments, such as the one at issue here.

court begins with the text and context as "the best evidence of the legislature's intent." *PGE*, 371 Or at 610; *see also Gaines*, 346 Or at 171 ("[o]nly the text of a statute receives the consideration and approval of a majority of the members of the legislature, as required to have the effect of law"). In construing the text, words of common usage are "given their plain, natural, and ordinary meaning." *PGE*, 317 Or at 611. Context "includes prior versions of the statute, applicable case law interpreting the statute, and other related statutes." *North Harbour Corp. v. Dept. of Rev.*, 16 OTR 91, 96 (2002). "[A]fter examining text and context," the court may consider the legislative history of the statute. *Gaines*, 346 Or at 171-172; ORS 174.020.[4] Finally, "the court may resort to general maxims of statutory construction to aid in resolving the remaining uncertainty." *Gaines*, 346 Or at 172. The court must not "insert what has been omitted, or * * * omit what has been inserted" and "give effect to each provision in each relevant statute." ORS 174.010; *D.R. Johnson Lumber Co. v. Dept. of Rev.*, 318 Or 330, 335, 866 P2d 1227 (1994).

C.      *Conservation Easement Special Assessment, Generally*

Land subject to a conservation easement held by a holder specified in ORS 271.715[5] and "managed in compliance with the terms of the easement, shall receive conservation easement special assessment for ad valorem tax purposes." ORS 308A.453(1). The easement "must be capable of meeting the requirements for being considered exclusively for conservation purposes" under IRC section 170(h) "if the land or easement were ever to be the subject of a contribution." ORS 308A.453(2)(a). A written certification must be filed with the assessor stating that the easement satisfies that requirement. ORS 308A.453(2)(c). The easement must be recorded.

---

[4] Neither party offered legislative history in this case.

[5] Those holders include the state and other specified public entities, certain charitable organizations, and Indian tribes defined under ORS 97.740. *See* ORS 271.715(3).

ORS 308A.453(2)(b).  Once those requirements are satisfied, the owner may apply for special assessment to the assessor by April 1 of the assessment year for which special assessment is requested.  ORS 308A.456(1)-(3).  Whether land qualifies for special assessment is determined as of January 1 of the assessment year.  ORS 308A.456(5).

The certificate holder must provide written certification to the assessor that the subject property is being managed in accordance with the terms of the conservation easement and that the easement continues to qualify for special assessment.  ORS 308A.465(2)(a).  The certification is due on the earlier of "90 days following the close of the three-year period or the date of the written request" from the assessor.  ORS 308A.465(2)(a), (4)(a).  The statute does not set forth requirements for the form or manner of the assessor's "written request."  If the holder fails to timely provide the certification, the assessor "shall disqualify the land from conservation easement special assessment."  ORS 308A.465(4)(a).  If land is disqualified before July 1 of the assessment year, the land shall be valued at its real market value and assessed at its assessed value for that year.  ORS 308A.456(5).  If land is disqualified after July 1, it shall continue to qualify for special assessment for the current tax year.  *Id.*

"Assessment year" means "calendar year[,]" whereas "tax year" is "a period of 12 months beginning on July 1."  ORS 308.007(1)(b), (c).  "For purposes of property taxation, unless the context requires otherwise, the assessment year beginning January 1 corresponds to the tax year beginning July 1 of the same calendar year."  ORS 308.007(2).

D.      *Whether Plaintiffs' Certification Was Untimely Based on Defendant's Request*

Defendant prepared a "written request" to Legacy dated March 4, 2019.  Defendant's employee declared that she mailed the written request to Legacy at its correct address on that same date.  Defendant supplied no further proof of mailing.  Plaintiffs maintain that they did not

receive the written request or learn of it until after they received the disqualification notice on June 10, 2019. Plaintiffs submitted the certification on June 26, 2019, which was more than 90 days after the date of Defendant's written request, but well within 90 days of when Plaintiffs first received the written request.

The first question is whether Legacy was required to submit its certification within 90 days of the date of Defendant's written request – by June 2, 2019 – even though it did not receive the written request until after that date. The text of the statute requires the certification to be submitted "90 days following * * * the date of the request." The text alone is ambiguous. It could refer to the date of the request was sent or to the date the request was received by Legacy. The statute is silent with respect to what qualifies as adequate notice for purposes of sending the written request. Several other special assessment statutes allow the assessor to request written reports from taxpayers but provide more specificity with respect to the manner of the request and the deadline to respond. In the context of open space land and riparian land special assessments, the assessor must send the request by first class mail and the taxpayer must respond "within 90 days after receipt of the demand." ORS 308A.327, 308A.374(1).

Plaintiffs cite *Stroh v. State Acc. Ins. Fund,* 261 Or 117, 119, 492 P2d 472 (1972) in support of their contention that notice in this context is effective upon receipt. (Ptfs' MSJ at 13.) In *Stroh*, the court ruled that, "[i]n the absence of statute the deposit of a notification in the mail is not effective as notice unless the notification is received. However, statutes commonly provide for notification by mail and where this is the case the deposit of the notification in the mails satisfies the requirement of notice, even though the notification is not received." 261 Or at 119. Defendant argues that *Stroh* and other cases cited by Plaintiffs are inapposite because they involved statutes with "stringent requirements on notice, specifically for the services of notices

of appeal." (Def's MSJ at 5.) However, courts have followed the rule in *Stroh* in the context of construing a promissory note and a land sale contract, respectively. *See Bartlam v. Tikka*, 50 Or App 217, 622 P2d 1133 (1981) (interpreting "give written notice" as effective upon receipt); *Hartz v. Aryomloo*, 62 Or App 534, 661 P2d 573 (1983) (holding that in the absences of more specific provisions, notice is effective upon receipt). Thus, is does not appear that the rule is confined to the construction of statutes concerning appeal notices.

Here, ORS 308A.465 authorizes the assessor to make a "request in writing" without any reference to notification by mail. Accordingly, the court follows the rule in *Stroh* and concludes that the notice was effective upon receipt. Plaintiffs' deadline to respond was September 8, 2019, or 90 days from receipt of Defendant's written request. Plaintiffs' certification was not untimely based on the date of Defendant's written request. The next question is whether Plaintiffs' certification was untimely under the general standard set forth in ORS 308A.465(4)(a); that is, "90 days following the close of the three-year period."

E.        *Whether Plaintiffs' Certification was Untimely Based on the Three-Year Period*

Absent a written request from the assessor, the holder must submit a written certification to the assessor "[e]very three years." ORS 308A.465(2)(a). Failure to submit the written certification "within 90 days following the close of the three-year period" will result in disqualification from special assessment. ORS 308A.465(4)(a). Plaintiffs maintain that the "three-year period" refers to the tax year, whereas Defendant contends that the three-year period began to run on the date of Plaintiffs' last certification, making December 21, 2018, the close of the three-year period. (Ptfs' MSJ at 10-11; Def's MSJ at 4.)

Here, again, the statutory text is ambiguous. The term "three-year period" is not defined. Relevant context includes the term "tax year" used for property tax purposes, including special

assessment. Special assessment is granted for a tax year; as Plaintiffs noted, their original application accepted by Defendant stated it was for the tax year beginning July 1, 2013. The date of any disqualification is determined by reference to the July 1 start of the tax year. *See* ORS 308A.456(5). Upon disqualification, back taxes are calculated based on tax years. *See* ORS 308A.703(3)(c). Those contextual clues indicate that the three-year period likely refers to three tax years rather than to a rolling three-year period depending on the date that the assessor receives the taxpayer's certification. Plaintiffs correctly point out the administrative difficulties for both the taxpayer and the assessor associated with tracking a rolling three-year deadline. (*See* Ptfs' MSJ at 11.) It is unlikely that the legislature intended such a meaning.

Having determined that the "three-year period" refers to three tax years, the court agrees with Plaintiffs that their certification submitted June 26, 2019, was timely. Plaintiffs' initial three-year period began with the 2013-14 tax year on July 1, 2013, and ended June 30, 2016. At Defendant's request, Plaintiffs submitted a certification on December 21, 2015. That date fell during the 2015-16 tax year and satisfied the filing requirement for the first three-year period. The second three-year period began July 1, 2016, and ended June 30, 2019. Plaintiffs' certification submitted June 26, 2019, was timely for that period. Because Plaintiffs' certification was timely under either standard the court concludes that the subject property should not have been disqualified from special assessment.[6]

### III. CONCLUSION

Upon careful consideration, the court concludes that Plaintiffs' certification submitted to Defendant on July 26, 2019, was timely and the subject property should not have been

---

[6] Under ORS 308A.465(4)(a), Plaintiffs must provide certification the earlier of 90 days from the written request, or the close of the three-year period.

disqualified from conservation easement special assessment for the 2019-20 tax year.[7]  Now,

therefore,

IT IS ORDERED that Defendant's Motion for Summary Judgment is denied and

Plaintiffs' Cross-Motion for Summary Judgment is Granted.

Dated this ___ day of May 2020.

ALLISON R. BOOMER
MAGISTRATE

*This is a <u>dispositive order</u> pursuant to Tax Court Rule – Magistrate Division 16 C(1). The court will issue a decision after waiting 14 days to determine whether there is a dispute about costs and disbursements.  Any claim of error in regard to this order should be raised in an appeal of the Magistrate's decision when all issues have been resolved.  See TCR-MD 19.*

*This document was signed by Magistrate Allison R. Boomer and entered on May 27, 2020.*

---

[7] Having concluded that Plaintiffs' Cross-Motion for Summary Judgment should be granted based on the timeliness of Plaintiffs' certification, the court need not reach the merits of Plaintiffs' due process challenge.